## MARKS WILSON v. THE STATE OF TEXAS.

1. An information filed by the district attorney must conclude "against the peace and dignity of the State."
2. Upon an information against an officer, for malfeasance in office, a trial without a jury is a nullity.
3. See this case for an information held insufficient in law to warrant a verdict or judgment against the defendant.

APPEAL from Robertson.    Tried below before the Hon. J. B. Rector.

October 21, 1871, the district attorney filed an information against the appellant, Marks Wilson, charging "that Marks Wilson, a justice of the peace in and for the said county of Robertson, Precinct No. 1, duly commissioned and qualified in terms of the law, and by virtue of his said office of justice of the peace is a member of and presiding justice of the police court in and for said Robertson county, and is assessor of taxes for Precinct No. 1 in said county, is incompetent to discharge the duties of his said office.    And the said attorney further charges that the said Marks Wilson, in his official capacity aforesaid, has committed many acts whereby the interest of the State has been and may be jeopardized; in this, that while acting in his capacity as presiding justice of the police court, the said Marks Wilson did, at divers times, propose, vote for and consent to the making and ordering upon the minutes of said court certain erroneous and illegal orders, a copy of which erroneous and illegal orders is herewith filed, and marked 'Exhibit A,'

and referred to as a part of this information. And the said attorney asks that a copy of said schedule of orders may be served on said Marks Wilson, justice as aforesaid, with this information. And the said attorney further charges that the said Marks Wilson has been delinquent in the performance of his duty as assessor of taxes; in this, that the said Marks Wilson did fail to make out the tax rolls in the manner prescribed by law, whereby the interest of the State may be jeopardized. And in support of the charge of incompetency herein made against the said Marks Wilson, the entire minutes and orders of the police court are referred to, from the fifteenth day of August, A. D. 1871, to the tenth day of September, A. D. 1871.

"It is further charged by said attorney that the parties in whose favor the said illegal orders were made drew the money thereon from the county funds of said Robertson county, greatly to the damage of the citizens and taxpayers of said county.

"The premises considered, the said attorney asks that the said Marks Wilson, justice as aforesaid, may be cited to answer to the charge of incompetency, and the several specification herein set forth, at the next term of your honor's court; and that on a final hearing the said Marks Wilson be adjudged incompetent to discharge the duties of his said office, and that he be removed from the same, and that he be adjudged to pay the costs of the impeachment."

Filed with said information was the copy of extracts from the minutes of the police court referred to, as follows (we give such orders as more directly apply to the case):

"EXHIBIT A.

"August 17, 1870.

"Ordered, that F. M. Hall, sheriff of Robertson county,

have a draft on the county treasurer for amount of this bill against the county, for arrest, mileage and fees due him for case State of Texas v. Marks Wilson, $107.

"August 20, 1870.

"Ordered, that C. Anschicks have an order on the county treasurer for six $\frac{60}{100}$ dollars for cost in case of State of Texas v. Campbell and Mathews. $6$\frac{60}{100}$.

"August 20, 1870.

"It is ordered, that the justice of the peace, respectively, have an order on the county treasurer for three months' rent of office, and stationery, at twenty dollars a month in advance. The amount to receive is from August 1 to November 1, 1870.

"August 20, 1870.

"Ordered, that Marks Wilson, justice of the peace of Precinct No. 1, have a draft on the county treasurer for rent and stationery for three months, the sum of $60."

(Following are like orders in favor of the other justices.)

"September 7, 1870.

"The court having met pursuant to adjournment, the following members being present, Marks Wilson, chief justice; James H. Griffin, justice. There being no quorum present, it was ordered that Marks Wilson have an order on the county treasurer for ten dollars. $10.

"September 27, 1870.

"Ordered by the court, that M. Wilson, justice of the peace, Precinct No. 1, have an order on the county treasurer for fifty-eight dollars and sixty cents, for examination of James A. Graus, etc. $58$\frac{60}{100}$.

"December 13, 1870.

"Ordered, that the justices of the peace present are to have an order on the county treasurer for four months' rent in advance, in compliance to an order to that effect

heretofore; which amount is due from the first day of November, 1871. The amount due each is the sum of twenty dollars per month; equal to eighty dollars due each justice present.

"December 13, 1870.

"Ordered, that M. Wilson have an order on the county treasurer for the sum of ninety-five dollars and seventy-five cents, for stationery, blank forms and printing for the six months past, be allowed. $95$\frac{75}{100}$.

"March 31, 1871.

"Ordered by the court, that the bill presented by C. S. Gillespie for printing blanks for the several justices of the peace, to the amount of three hundred and thirty dollars, currency, be approved, and it is hereby ordered that he have an order on the treasurer for the same amount. $330

"June 23, 1871.

"Ordered, that M. Wilson have an order on the county treasurer for the sum of nine dollars, for three cords of wood bought of Lem. Barton, be allowed. $9.

"It is moved and seconded, that the justices present have the sum of one hundred and twenty dollars each for six month's rent in advance.

"It is also moved and seconded, that we take our pay out of the money turned into the court by S. J. Adams, and that we have drafts for such sums at once."

The said attorney states that the last order or resolution was not put upon the minutes of the court, but is given from memory, said attorney at that time being present in said court and an eye-witness to the conduct of the said Marks Wilson.

The defendant demurred to the information, and assigned several special causes of exception, and plead not guilty.

On October 24, 1871, the case was tried without a jury,

the defendant found incompetent to discharge the duties of his office, and was removed.

From which the defendant appealed, and errors below are assigned.

1.   Overruling the plea to the jurisdiction of the court.
2.   Overruling the exceptions to the information.
3.   In refusing a trial by jury.

*Davis & Beall*, for appellant.—This was a proceeding in the nature of impeachment, instituted in the District Court under the provisions of the Tax Act of 1870 (see Laws of Twelfth Legislature, p. 204), to remove the defendant from his office of justice of the peace. And we submit, that the District Court had no proper jurisdiction, because the provisions of the Tax Act of 1870, in so far as they sought to confer the power of removing justices of the peace from office in the summary manner prescribed in said act, is obnoxious to the 12th Article of the State Constitution, Section 17, which provides "that every law enacted by the Legislature shall embrace but one object, and that shall be expressed in the title." This section of the organic law has been judicially construed to be *mandatory* in its terms. (See Cannon v. Hemphill, 7 Texas, 208.)

If, however, said provisions ever had any force, they were repealed, either expressly or by necessary implication, by the Tax Act of 1871. (See Laws of Twelfth Legislature, 1871, page 43.) Whenever a statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not revived by construction, but are annulled. (Ellis v. Paige, 1 Pick., 43, 45 ; 7 Mass., 140 ; 10 Pick., 39 ; 5 Texas, 423.) And when the new statute comprehends the subject matter of the old, the latter is repealed. (24 Texas, 478.)

If we regard this proceeding as criminal in its charac-

acter, then the exceptions ought to have been sustained, because the petition does not contain the essentials of an information, tested by the Criminal Procedure, Articles 2869, 2870 and 2871. It is neither supported by the accompanying "oath of some credible person," nor does it conclude, "against the peace and dignity of the State." The latter is a requirement of the Constitution of the State, and, by the express decision of the Supreme Court, cannot be dispensed with. (See 7 Texas, 74.)

But regarding this proceeding in the light of a civil or criminal action, we hold that our second assignment of error must be sustained. We respectfully submit that we were entitled to a jury trial upon the truth or falsity of the facts in said information alleged against the defendant. This constitutional right was denied him, and he appeals to this court to extend to him the ægis of its protection, with no other citation of authority on this point than the plain provisions of the Constitution, securing the right of trial by jury, in all cases, civil and criminal. (Article 5, Section 16; Article 1, Sections 8 and 12.)

McADOO, J.—This case was brought into this court upon a writ of error from the Robertson County District Court.

The action was brought in the court below somewhat in the nature of a prosecution by presentment. The paper filed, however, by the district attorney does not conform to the legal requirements of a presentment. In one material particular at least it is defective, in that it does not conclude, "against the peace and dignity of the State."

The instrument charged, substantially, malfeasance and misfeasance in office, and incompetency to discharge the duties of the office of justice of the peace, which he, the plaintiff in error, held, and prayed that he be removed from office, and that he pay the cost of the proceedings.

The defendant plead to the jurisdiction of the court, the insufficiency of the presentment, a general denial of the allegations in the information, and not guilty.

The trial, if such it may be called, is thus chronicled in the record: "This day came the parties, by their attorneys; and the above cause coming on to be heard, and the matters in controversy being brought before the court, and the evidence and argument of counsel on either side having been heard and fully understood, it is considered by the court that Marks Wilson, justice of the peace of Precinct No. 1, and for the county of Robertson, and member of the police court in and for said county, be adjudged incompetent to discharge the duties of his said office. It is therefore ordered, adjudged and decreed, that the said Marks Wilson be, and the said Marks Wilson is hereby, forthwith removed from his said office as justice of the peace aforesaid, for incompetency and misconduct in office."

It appears that there was no trial by a jury, and no verdict of conviction for any offense for which a justice of the peace can be removed from office.

The presentment sets out no charges in such form as would have supplied a verdict of a jury or a judgment of the court.

The proceedings were void; and in accordance with the ruling of this court in the case of Thomas E. Hogg, *ex parte*, decided at the last term of this court, the judgment in this case is reversed and the case dismissed.

REVERSED AND DISMISSED.