## THE STATE v. O'CONNOR. *Appellant.*

### DIVISION TWO.

1. **Criminal Practice:** ROBBERY : EVIDENCE : ERROR.  A defendant on trial for the robbery of a watch is entitled to cross-examine the owner, introduced as a witness by the state, on the issue whether the property was taken from him by force, and the action of the trial court in this case in depriving him of that right and in excluding evidence of the witness on that issue from the jury condemned as indefensible.

2. ——— : ——— : FELONIOUS INTENT.  The taking to constitute robbery must have been with an intent to steal, and an instruction defining that offense which omits such element is erroneous.

3. ——— : EVIDENCE.  Evidence that the person who arrested defendant said to some third persons on the night of the alleged robbery that defendant was a "foot pad," and that after defendant was taken to the police station the prosecuting witness met him there and said he would prosecute him, was improper.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

REVERSED AND REMANDED.

*John W. Wofford* for appellant.

(1) The case ought to have been continued. (2) The court erred in the matter of the testimony of the witness Franke, in ordering him from the witness-stand before the state had finished its examination, and before the defendant had an opportunity to examine him. (3) No instruction applicable to the evidence of the defendant was given. *State v. Anderson*, 86 Mo. 309 ; *State v. Banks*, 73 Mo. 592 ; *State v. Tate*, 12 Mo. App. 327. (4) Instruction 3 is inconsistent with instruction 7. *Lambert v. Co.*, 12 Mo. App. 575. (5) What was said by the witnesses at the engine house and at the police

station in the presence of defendant ought to have been excluded. *State v. Young*, 99 Mo. 666. ( 6 ) Defendant's confession was improperly admitted. *State v. Phelps*, 74 Mo. 128; *State v. Carlisle*, 57 Mo. 102; *State v. Hogan*, 54 Mo. 192; *State v. Simon*, 50 Mo. 370; *State v. Brockman*, 46 Mo. 566; *State v. Jones*, 54 Mo. 478; *State v. German*, 54 Mo, 526. ( 7 ) We ask that the whole case be reviewed by this court. This is essential to justice. *State v. Snyder*, 98 Mo. 555. ( 8 ) The court erred in instruction 3 in withdrawing testimony of the witness Franke from the consideration of the jury, and in not allowing defendant to cross-examine the witness. *State v. Jones*, 61 Mo. 232; *State v. Smith*, 53 Mo. 267; *State v. Hundley*, 46 Mo. 414. ( 9 ) Instruction 4 is faulty in this, it does not give the whole law on the question involved therein; in this, that the court ought to have said that drunkenness could be considered by the jury in passing on the question of intent. *Erwin v. State*, 10 Tex. App. 700; *Beasley v. State*, 50 Ala. 149; *Willis v. Com.*, 32 Gratt. 929; *Com. v. Jones*, 1 Leigh, 598; *Pirtle v. State*, 9 Humph. 663; *Swan v. State*, 4 Humph. 136; *Boswell v. Com.*, 20 Gratt. 860; *Lancaster v. State*, 2 Lea, 575; *People v. Rogers*, 18 N. Y. 9; *People v. Belencia*, 21 Cal. 544; *State v. Hundley*, 46 Mo. 414; *Ingalls v. State*, 48 Wis. 647.

*John M. Wood*, Attorney General, for the State.

( 1 ) No reason was assigned for any objection to the admission of testimony during the progress of the trial, and the objections now urged by appellant cannot be considered by this court. Unless objections to evidence are specific, they will not be considered on appeal. *State v. Brannum*, 95 Mo. 19, and cases cited; *State v. Gilmore*, 95 Mo. 554. ( 2 ) No exceptions were saved to the conduct of the court or the prosecuting attorney during the progress of the trial, and whether they made improper remarks before the jury, or were guilty of

other improper conduct, is not the subject of review by this court, as these are matters which should and could have been saved by exceptions at the proper time. See cases above cited; *State v. McDonald*, 85 Mo. 539; *State v. Burk*, 89 Mo. 635; *State v. Elvins*, 101 Mo. 243. (3) The court did not err in giving instruction, numbered 3, withdrawing from the consideration of the jury the testimony of witness Franke. At most defendant has no cause to complain of this instruction. No testimony was thereby withdrawn which was in any respect to his advantage. (4) The statement that "no instruction applicable to the evidence of defendant was given," cannot be sustained. The defendant testified that Franke gave the watch to him voluntarily. But the instructions of the court required the jury to find and believe, before they were authorized in convicting the defendant, that he assaulted Franke, and, by force and violence to the person of said Franke, took from his person, and against his will, the watch named in the indictment. (5) Drunkenness is no excuse for crime. *State v. Lowe*, 92 Mo. 547; *State v. Sneed*, 91 Mo. 552; *State v. Ramsey*, 82 Mo. 133; *State v. Edwards*, 71 Mo. 312. The testimony fails to show that defendant was drunk.

THOMAS, J.—The defendant was charged by indictment in the criminal court of Jackson county with robbery of the first degree, in taking a watch from William Franke, by force and against his will. He was tried, convicted and sentenced to the penitentiary for ten years.

The parties proceeded to trial and William Franke was called as a witness by Mr. Woodson, the prosecuting attorney, and was examined at considerable length. He testified that he did not know who took his watch; he had lost it on the night of the alleged robbery, but who got it, he did not know. The prosecuting attorney then proceeded to cross-examine him in regular style.

He was asked what he had sworn before the grand jury, and while this examination in regard to his testimony before the grand jury was going on; the judge of the court called for the evidence taken before that body, which was handed to him.

The judge read this evidence while the prosecuting attorney continued his cross-examination of Franke; and the part this witness took in the trial, and how his examination ended, will appear by the following excerpt from the record, viz.: "By Mr. Woodson: It is a pity they didn't kill you instead of robbing you. I will ask you if you didn't go into Mr. Miller's place that night? A. I don't know whether I was in there at all.

"Q. Don't you know you were in there? A. No, sir.

"Q. Do you remember whether you were living or dead that day or night?" (Defendant's counsel objects to the question, stating that it is a gross insult to the witness; and, besides, as to the irregularity of the question.)

"By the court: I don't care for you to investigate this witness any further, Major. He has either lied now or he lied before the grand jury, I don't know which. I shall remand him to the custody of the marshal. Mr. Marshal, take care of him." And the marshal did take care of him and took him from the courtroom before the examination in chief was concluded, and before the defendant had an opportunity to cross-examine him.

Other witnesses were examined, and at the close of the testimony the court gave, among others, this instruction over the objection of defendant: "3. The testimony delivered by the witness, William Franke, while upon the witness stand, should be wholly disregarded by you. And, further, the court instructs you that neither the direction above stated nor the action of the court in committing the said Franke to the county jail, should be considered by you as in any way bearing upon the defendant's guilt or innocence."

It is no use to make an argument to show that the conduct of the judge in regard to this witness and the

The State v. O'Connor.

giving of the above instruction is utterly indefensible, and must have operated to the injury of defendant. It is true the record does not show that defendant excepted to the action of the court at the time Franke was put under arrest and removed from the courtroom, but it does show that an exception was saved to the giving of this instruction, and that is enough, of itself, to cause a reversal of the case. This was a very serious charge against defendant, equal, at that time, to a charge of murder of the second degree. If anyone on earth ought to have known whether the watch was taken by force and against the will of the owner, it was the owner himself. The state called the owner, and he gave some testimony, and defendant was entitled to the benefit of it, and the court had no right to withdraw it from the consideration of the jury. The court told the jury in this case that they were the *sole* judges of the credibility of the witnesses, and yet it assumed to decide, and did decide, that the main witness in the case, the party alleged to have been robbed, was so utterly unworthy of belief that the examination was stopped, the witness hustled off to jail, and the jury told from the bench to disregard anything he had said. This will not do. It is serious error.

On another trial the defendant must be permitted to cross-examine all witnesses called by the state. The right of cross-examination must be maintained, or trials will become mockeries, shams, pretenses.

The court gave, over the objection of defendant, the following instruction, which was the only one given defining the offense: "1. If you shall believe and find from the evidence that at the county of Jackson, state of Missouri, any time within three years next before the twenty-third day of February, the date of the filing of the indictment in this cause, the defendant, John O'Connor, assaulted William Franke, and by force and violence to the person of him, the said Franke, took from the person of him, the said Franke, and

against his will, the watch named in this indictment, the same being of any value whatever, and the property of him, the said Franke, you will find him, the defendant, guilty as charged, and assess his punishment at imprisonment in the state penitentiary for such term not less than ten years as you may deem proper."

This does not define robbery. It has all the elements of robbery, except the felonious intent, which is omitted. To constitute robbery the property must be taken from the person, by force or putting in fear, against the will of the owner, with the intent to deprive the owner of it and without any honest claim to it on the part of the taker. In other words the taking must be with intent to steal. This is elementary law. Kelley's Crim. Law and Prac., sec. 582; Bish. C. L., sec. 1162a. This element is wholly omitted from the instruction. This was error prejudicial to defendant in this case. Though defendant had the watch, he insisted he did not intend to steal it. The evidence shows that the parties were at a saloon in Kansas City after midnight, and no doubt both the defendant and Franke were intoxicated. Indeed, Franke says he remembers nothing about the transaction at all, and the defendant says Franke was drunk, and gave him the watch to keep. There is no evidence except that of defendant how he obtained the watch. There is evidence that Franke and defendant were down on the ice in the alley and Franke hallooed "watch," "stop thief," etc.; but there is no evidence that defendant got the watch at that time and place. That he got it then and there, is, at best, only, an inference from the facts proved. The watch was worth only $2. The defendant proved an excellent character, and it seems to us there is some merit in his defense, and he has a right to have his case fairly tried and submitted to a jury on proper instructions embodying his theory. When the state undertakes to send a man to the penitentiary for ten years for taking a nickel-plated watch, worth $2, as was done in this case, the court ought to be careful that it

be done in strict accordance not only with the spirit but the letter of the law.

It was proved at the trial the party that arrested defendant the night of the alleged robbery said to some parties that defendant was a "foot pad," and after defendant was taken to the police station it was proven that Franke met him there and said he would prosecute him. This testimony was improper. The party making the arrest did not know who it was when he called him a "foot pad," and, if he had, the statement was not competent evidence against defendant, and the defendant was certainly not called upon to make reply when some one said to him he would prosecute him. Franke says he does not remember to have said this, but it was testified to by other witnesses who were present.

The judgment is reversed, and cause remanded for new trial. All of this division concur.