The State v. Johnson.

THE STATE v. JOHNSON, *Appellant.*

Division Two, October 10, 1892.

1. **Criminal Practice:** ROBBERY: "FELONIOUSLY:" INSTRUCTION. While the word "feloniously" is not proper, in an instruction on a trial for robbery, to express the intent with which the act was done, yet if used alone it should be explained to the jury.

2. ———: ———: CRIMINAL INTENT. On a trial for robbery the jury should be instructed as to what facts, if proved, establish a criminal intent.

3. ———: PRINCIPALS AND ACCESSORIES: STATUTE. All distinctions between principals in the first and second degrees and accessories before the fact have been abolished in this state. (Revised Statutes, 1889, sec. 3944.)

4. ———: ROBBERY: INSTRUCTION. An instruction on a trial for robbery is erroneous which submits to the jury the issue whether the accused took and converted the money claimed to have been taken, where there is no evidence to support it.

5. ———: ———: ———. So an instruction in such case is also erroneous which authorizes a verdict against the defendant without proof of a conspiracy or concerted action between himself and his codefendant who took the stolen coins.

*Appeal from Marion Circuit Court.*—HON. T. H. BACON, Judge.

REVERSED AND REMANDED.

*W. M. Boulware* for appellant.

*John M. Wood*, Attorney General, for the State.

(1) Instruction, numbered 2, we think, clearly declares the law, and properly submits to the jury the determination of the facts charged in the indictment and testified to upon the trial, and is not subject to the objections raised to the instruction in *State v. Brown*, 104 Mo. 366; *State v. Hays*, 105 Mo. 76–85; *State v. O'Connor*, 105 Mo. 121–125. (2) The third instruction was correct. If defendant was present aiding and abetting Maria Raven in the commission of the offense, although he got none of the money, he was none the less guilty. *State v. Brown*, 104 Mo. 366. (3) The court did not err in overruling the motion for new trial because of newly discovered evidence. *State v. Ray*, 53 Mo. 345; *State v. Smith*, 65 Mo. 313.

MACFARLANE, J.—Defendant appeals from a judgment of the circuit court of Marion county convicting him of robbery.

He was jointly indicted with one Maria Raven and his daughter Mary Johnson, all negroes, accused of robbing a Chinaman named Lee and taking from him

three $20 gold coins. Defendant was tried alone, and sentenced to imprisonment in the penitentiary for five years.

The evidence on the part of the state, given by the prosecutor Lee, corroborated by some slight circumstances, tended to prove that defendant induced the wife of Lee, a negro woman, to leave her husband, and took her and her infant child to his house on Sunday before the alleged robbery. On Tuesday night thereafter, about eight o'clock, defendant, his daughter Mary, a girl about twelve years of age, the negro woman, Maria Raven, and Lee's wife all went in company to the house of Lee for the ostensible purpose of getting some clothes for the child. They were admitted into the house, and defendant knocked Lee down, forced him into another room, held him down on the floor while the woman Raven opened his trunk and took therefrom three $20 gold coins, which she carried away. Some time after the alleged robbery he testified that the money was paid back to him by a man named Kelso under an agreement made with the wife of the defendant.

The evidence of defendant contradicted nearly every material statement of Lee. It tended to prove that Lee told his wife to come and get clothes for the baby. The parties went on this invitation. Defendant and Lee had a quarrel and fight in the house growing out of some treatment by Lee of his wife. Defendant and others testified that no money was taken. Defendant testified that when he went to Lee's house he did not know he had money, and if any was taken he knew nothing of it then or afterwards.

Upon this state of facts the court gave the jury two instructions, of which defendant complains, as follows: "2. If from the evidence the jury find that at the township of Liberty in the county of Marion

and state of Missouri on or about the seventeenth day of March in the year 1891, to-wit, within three years next before June 3, 1891, the defendant either alone or in company with others in and upon one Sam Jim Lee unlawfully and feloniously did make an assault and then and there three $20 gold coins of the United States of America of the value of $60 of the property of said Sam Jim Lee in the presence and against the will of said Sam Jim Lee, then and there by force and violence to the person of said Sam Jim Lee, and by putting said Sam Jim Lee in fear of some immediate personal injury to his person, did then and there unlawfully and feloniously rob, steal, take and carry away, the jury will find the defendant guilty as charged, and assess his punishment at imprisonment in the state penitentiary for not less than five years, but in default of such finding the jury will find the defendant not guilty.

"3. If from the evidence the jury find that at the time and place alleged the defendant, Thomas Johnson, and his codefendant, Maria Raven, were acting in concert for the purpose of committing the alleged robbery, if any, and that in pursuance of such common design, if any, the defendant, Maria Raven, in aiding and abetting said defendant, Thomas Johnson, with his knowledge and consent, and in his presence took the money in question, so as to commit the alleged robbery at the time and place and in the manner as shown in the first instruction herein, the said act of Maria Raven, if any, in taking said money will be also the act of defendant, Thomas Johnson."

No other instructions defining the crime of robbery were given.

I.   Defendant insists, in the first place, that instruction 2 does not define the crime of robbery, or point out to the jury in plain and intelligible language the

acts and intentions which are necessary to constitute that crime, and the jury was, therefore, uninstructed on "the questions of law arising in the case which were necessary for their information in giving their verdict," as required by section 4208 of the statutes. The instruction merely copies the language of the charging part of the indictment, and tells the jury that, if they find from the evidence that these facts are true, they should return a verdict of guilty against defendant.

It is particularly objected that the word feloniously is used in the instruction to express the intent with which the act must have been done in order to make it criminal, and the word being technical should have been properly defined. It was said by Judge HENRY in *State v. Snell*, 78 Mo. 242, in speaking of this word and the necessity of defining it, that "it is employed to classify offenses, but is not a distinct element of a crime. If the facts proved establish a felony, then the crime was committed feloniously; if they establish a misdemeanor, the offense was not feloniously done. A correct definition of the word could not have aided the jury in their deliberations." In *State v. Scott*, 109 Mo. 226, it is said: "The word 'felonious' is descriptive of the grade of the offense, rather than of the criminal act which constitutes the offense, and ordinarily has no place in an instruction." Robbery is made a felony by statute, and the act of robbing is felonious, and all robbery is feloniously done. The use of the word in the instruction threw no light whatever upon the transaction. A correct definition could not have aided the jury in its deliberations, nor could the failure to define it "have prejudiced defendant's case, or been an obstacle in the way of the jury to a proper verdict on the law and facts," as was said in *State v. Snell, supra.*

We do not wish to be understood as saying or implying that the jury should not have been instructed as to what facts, if proven, would have established a felonious intent, that is, the intent to commit the robbery. Larceny aggravated by the manner of its accomplishment constitutes the robbery. The larceny, with its element of the conversion of the property taken, without the consent of the owner, must have been complete before the offense of robbery could have been committed. It was unquestionably proper that the jury should have been instructed on the question of the intent with which the act was done. *State v. O'Connor*, 105 Mo. 121. To the unprofessional person the word "feloniously" as qualifying an unlawful act gives a very vague and indefinite idea, and really expresses none as to the intention necessary to make the act a felony. The word used alone in an instruction to express the intent of the accused in taking the property of another, would need explanation. To say that property was taken with a felonious intent conveys the idea of larceny to the lawyer only when the amount taken is sufficient to make the offense grand larceny, but conveys no distinct idea to the average person.

These extended observations are deemed necessary in view of the apparent misunderstanding of counsel of the expression of the court in the cases of *State v. O'Connor*, *supra*; *State v. Hayes*, 105 Mo. 76, and *State v. Brown*, 104 Mo. 366. In the *O'Connor case* the instruction criticised, in defining robbery, wholly ommitted the element of an intent to convert the property, or as was said by the court "the felonious intent." In the *Hayes case* it was said "if the court should use the word felonious in the instruction it should define it." We have seen that the word has a definite meaning only to professional persons, and

should not be used at all in an instruction, and it follows that if used alone it should be explained or defined to the jury as was said in the *Hayes case.*

II.   Instructions should be given in each case in view of the issues to be determined, and the evidence introduced to prove or disprove them.   An instruction, without evidence to support it, is erroneous, and should not be given.   There is no evidence whatever in this case tending to prove that defendant personally took or converted the money of the prosecutor Lee.   If defendant was guilty at all it was by reason of a conspiracy between himself and Maria Raven and the concerted action of the two.   In such case it made no difference what part each of them took, whether actively committing the acts or aiding and abetting the other in their commission; each would be guilty as principals, since all distinctions between principals of the first and second degree, and accessories before the fact have been abolished.   Revised Statutes, 1889, sec. 3944; *State v. Orrick,* 106 Mo. 119, and cases cited.

The second instruction then was erroneous in submitting to the jury the issue whether defendant took and converted the money, there being no evidence to support it.   This instruction was also erroneous in authorizing a verdict against defendant without proof of a conspiracy or concerted action between himself and his codefendant who took the gold coins.

The third instruction does submit to the jury the issue of conspiracy, but it refers them back to the second for a definition of robbery, and is thus made a part of it and partakes of all its vices.

Judgment   reversed   and   cause   remanded.   All concur.