# THE STATE OF MISSOURI, Defendant in Error, v. CALVIN J. ULRICH, Plaintiff in Error.

**Kansas City Court of Appeals, December 1, 1902.**

1. **Criminal Procedure:** INDICTMENT: DIFFERENT COUNTS: CONCLUSION. The Constitution of Missouri requires that all indictments shall conclude, against the "peace and dignity of the State," and this applies to each count in an indictment, and any count failing so to conclude is bad.

2. ———: INFORMATION: COMMON LAW: CONCLUSION. The information provided for by the Constitution of Missouri is the common-law information, which was required to conclude as an indictment; and so where any count in an information fails to conclude as required by the Constitution, it is bad.

3. ———: DEFECTIVE COUNT: PLEA OF GUILTY. A plea of guilty to a defective count in an information does not preclude the defendant from attacking such count on the ground that it charges no offense.

4. ———: JUDGMENT: COMMITMENT. A judgment in a criminal case is held defective since it does not order the defendant to stand committed until the fine and cost be paid.

Appeal from Putnam Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED.

*J. C. McKinley* and *Fogle & Eason,* for plaintiff in error.

(1) This court has power to hear and determine this writ of error. State v. Myers, 99 Mo. 112; State v. Van Matre, 49 Mo. 268; State v. Vaughn, 26 Mo. 29; Magee v. State, 8 Mo. 495. (2) The court is not deprived of this right because the plaintiff in error plead guilty. State v. Levy, 119 Mo. 434. (3) When the

State dismissed the second count of said information then the plaintiff in error was charged with no crime in the first count because it did not conclude "against the peace and dignity of the State." State v. Lopez, 19 Mo. 254; State v. Marchand, 25 Mo. App. 655; State v. Pemberton, 30 Mo. 376; State v. Stacy, 103 Mo. 11. (4) The formal conclusion of the second count does not help the first. State v. Wade, 147 Mo. 73; State v. Soule, 20 Mo. 19; State v. Cadle, 19 Mo. 613. (5) But so far as the structure of an information is concerned the same rules apply as obtain in indictments. Wharton's Criminal Pleading and Practice (8 Ed.), sec. 87, note 4; Hughes' Criminal Law and Procedure, sec. 2775; Gould v. P., 89 Ill. 217. (6) An information as required by the Constitution of Missouri is a common-law information. Ex parte Thomas, 10 Mo. App. 24; State v. Kline, 79 Mo. 515. An information at common law must conclude just the same as an indictment. 2 Chitty's Criminal Law, 6; 1 Bishop on Crim. Proc., sec. 609.

*Lee T. Robison* and *N. A. Franklin* for defendant in error.

(1) There is no constitutional question involved in this case. If there was, the court would certify it to the Supreme Court. The Constitution does not provide that an information shall conclude, "against the peace and dignity of the State." But only provides that indictments shall so conclude. Constitution of Mo., art. 6, sec. 38. (2) Where there are several counts in an information and the last one concludes, "against the peace and dignity of the State," the others need not so conclude. State v. Nitch, 79 Mo. App. 99; Nichols v. State, 35 Wis. 308; Alexander v. State, 27 Tex. App. 533; State v. Scott, 48 La. Ann. 293. (3) Even in indictments where there are several counts and each count concluding, "against the peace and dignity of the State," it has been held by the Supreme Court that if the last count so concludes the conclusions of all

but the last count may be stricken out as surplusage and the indictment held good in such cases provided the indictment as a whole states a cause of action. State v. Hendrickson, 165 Mo. 268, 269.

SMITH, P. J.—The defendant was charged in an information containing two counts with selling liquor without a license. The second count concluded "against the peace and dignity of the State," but the first did not so conclude. The defendant pleaded guilty to the first count and thereupon the second was dismissed, and judgment was given accordingly. The defendant by writ of error has brought the record proper in the case before us, alleging that the first count of the information to which he pleaded guilty charges no offense since it does not conclude "against the peace and dignity of the State."

The Constitution of this State (sec. 38, article 6) requires that all indictments shall conclude "against the peace and dignity of the State." And it has been several times ruled in this State that though the Constitution in terms makes no distinction between an indictment with one count and one with several counts, that in a case of the latter kind each count must conclude in the language of the constitutional provision, else that not so concluding is bad; and that where the last count in such indictment so concludes, that the omission in the others is not helped or aided by it. The theory upon which this has been ruled is no doubt that each count ordinarily charges separate offenses and should therefore be a complete indictment of itself. State v. Clevenger, 25 Mo. App. 655; State v. Lopez, 19 Mo. 254; State v. Pemberton, 30 Mo. 376; State v. Schloss, 93 Mo. 361.

But in Wisconsin, Texas and Louisiana, and perhaps other States, it is held that where there are several counts in an indictment or information charging several offenses that may be joined in a single indictment or information, that if the last count concludes as required by the Constitution, that that will suffice for

the preceding counts. And that an indictment or information being an entirety, though in several counts, the constitutional mandate is complied with when the last count concludes according to the formula it prescribes. Nichols v. State, 35 Wis. 308; Alexander v. State, 27 Tex. App. 533; State v. Scott, 48 La. Ann. 293.

In the formula prescribed by the Constitution of this State, only indictments are mentioned. In another provision of that instrument (sec. 12, art. 11), it is provided that no person shall for felony be proceeded against criminally otherwise than by indictment and in other cases offenses shall be prosecuted criminally by indictment or information as concurrent remedies. And it has been ruled that the "information" mentioned in the Constitution is that at common law. Ex parte Thomas, 10 Mo. App. 24; State v. Ransberger, 42 Mo. App. 466; State v. Kelm, 79 Mo. 515. At common law an information was required to conclude as an indictment. 2 Chitty's Crim. Law 6; 1 Bishop's New Crim. Proc., sections 141, 144, 147, 712; Wilson v. State, 38 Tex. 548.

Since each count in an indictment must conclude as required by the Constitution or else be fatally defective, and since if there are two or more counts in an indictment and the last one concludes properly but the others do not, the conclusion in the last will not help or supply the omission in the others, and since a criminal information, by reason of the constitutional provision previously referred to, is that at common law and since by the common law such an information is required to contain all the essentials required in an indictment, it must logically and necessarily follow that each count therein must conclude as an indictment, and that the omission of any count therein to so conclude will not be helped or supplied by the last which does so conclude. Applying this rule to the information in the present case, and it is clear that the count to which the defendant entered his plea of guilty is insufficient and will not support the judgment.

Nor does the plea of guilty preclude the defendant from attacking the information as charging no offense. If no crime be charged in the information, then none is confessed by pleading guilty thereto. State v. Levy, 119 Mo. 435, and authorities there cited.

It may not be out of place here to remark that the judgment is defective in that it does not, as it should, order the defendant to stand committed until the fine and costs are paid as required by section 2680, Revised Statutes.

It results that the judgment will be reversed. All concur.