## THE STATE v. SMITH, Appellant.

### Division Two, May 19, 1903.

**Robbery:** ERRONEOUS INSTRUCTION. An instruction which omits the felonious intent of the taking, to-wit, to deprive the owner of his property without any honest claim to it and to wrongfully convert it to the use of the robber, does not define robbery, and if no other instruction supplies this essential element of the crime, a judgment of conviction can not stand.

Appeal from Buchanan Criminal Court.—*Hon. B. J. Casteel*, Judge.

REVERSED AND REMANDED.

*L. A. Michelson* and *Elliott Spaulding* for appellant; *James M. Wilson* of counsel.

It was error to give instruction 2.  An instruction on a trial for robbery should declare, as necessary to a conviction, that defendant must have taken the property with intent to deprive the owner of it and to convert it to a use other than that of the owner, and against the consent of the latter, and without an honest claim to it on the part of the defendant. · State v. Woodward, 131 Mo. 369; State v. Brown, 104 Mo. 373; State v. O'Connor, 105 Mo. 121.  The use of the words "did steal, take and carry away" is merely to copy the language of the indictment, and is not sufficient.  State v. Woodward, supra; State v. Johnson, 111 Mo. 578; State v. Grant, 152 Mo. 57; State v. Scott, 109 Mo. 226.

*Edward C. Crow,* Attorney-General, for the State.

GANTT, P. J.—The defendant was indicted in the Buchanan County Criminal Court for robbery in the first degree, and convicted and sentenced to the penitentiary for five years.

He seeks a reversal of the judgment, and assigns as error instruction numbered two in the bill of exceptions.

The instruction is in these words:

"The court instructs the jury that if they believe and find from the evidence that at the county of Buchanan and State of Missouri, and on or about the 20th day of September, 1900, the defendant, by himself or in company with another, assaulted William D. Boyer, and from his person and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person, did feloniously rob, steal, take and carry away, of the property of said William D. Boyer, one gold watch, ten cents in lawful money of the United States, three pocketbooks, a railroad mileage book, one bunch of keys, one tape measure, one pair of scissors, one comb, or any of said property, of any value, you will find the defend-

ant guilty of robbery in the first degree, and assess his punishment at imprisonment in the penitentiary for any term not less than five years.''

It was ruled in State v. O'Connor, 105 Mo. 121, that an instruction in all material respects like this failed to define robbery, in that it omitted the felonious intent of the taking, to-wit, to deprive the owner of his property without any honest claim to it and to deprive the owner of it, and to wrongfully convert it to the use of the robber. That ruling was subsequently indorsed and followed in State v. Woodward, 131 Mo. 369; and State v. McLain, 159 Mo. loc. cit. 352. A like principle was announced in State v. Ware, 62 Mo. loc. cit. 601 and 602. No other instruction in this case supplies this essential description of the elements of the crime of robbery and for this reason the judgment must be reversed and the cause remanded for a new trial. *Burgess* and *Fox, JJ.;* concur.