THE STATE v. DEWEY HAHN, Appellant.

Division Two, December 20, 1926.

2. ———: **Sufficient Evidence: Corroboration.** Proof of the robbery, and positive identification of the defendant by the man robbed, supplemented by incriminating circumstances which cannot be construed otherwise than as corroboration of the witness's testimony, are sufficient to sustain the charge of robbery.

3. ———: **Instruction: Circumstantial Evidence: Sole Reliance.** An instruction on circumstantial evidence is required to be given only when the State relies solely upon this character of evidence to secure a conviction; and where there is direct evidence of the participation of the defendant in the commission of the robbery and he is positively identified as the robber, no error is committed in refusing to give an instruction on circumstantial evidence.

---

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 2433, p. 1008, n. 4; p. 1009, n. 6, 8. **Robbery,** 34 Cyc., p. 1802, n. 38; p. 1809, n. 82; p. 1810, n. 90.

Appeal from Butler Circuit Court.—*Hon. Charles L. Ferguson,* Judge.

AFFIRMED.

*North T. Gentry,* Attorney-General, and *Claud Curtis,* Special Assistant Attorney-General, for respondent.

(1)    The information was proper.    State v. Affronti, 292 Mo. 53; State v. Strada, 274 S. W. 34; State v. Newland, 285 S. W. 400; R. S. 1919, sec. 3307.    (2)    The evidence was sufficient to sustain a conviction.    State v. Strada, 274 S. W. 34; State v. Wallace, 278 S. W. 663; State v. Williams, 263 S. W. 198.    (3)    The court committed no error by failing and refusing to instruct the jury on circumstantial evidence; where there is direct evidence of the commission of the crime by defendant an instruction on circumstantial evidence is not necessary.    State v. Dickens, 285 S. W. 447; State v. Carr, 256 S. W. 1047; State v. Baird, 231 S. W. 625.

WALKER, P. J.—At the April term, 1925, of the Butler County Circuit Court, the defendant, George Elliott and Harry Drew, were jointly charged by information with robbery in the first degree. The defendant was granted a severance, tried to a jury, found guilty as charged, July 17, 1925, and sentenced to five years' imprisonment in the penitentiary.    From this judgment he appeals.

E. M. Davidson, the victim of this robbery was, at the time, the owner of a garage and oil-filling station at Wilby, in Butler County. On the night of the 8th of January, 1925, after he had retired, he heard some one drive up to the filling station and honk for him. He went out to see what was wanted. He found three men in a Ford car, who said they wanted oil and gasoline. He emptied one bottle of oil into the car where it is required to lubricate the machinery and placed the bottle on the running board of the car; he then reached for another bottle of oil and turned it upside down, with the neck down in the opening made for cylinder oil, when one of the men told him to look and see if they needed gasoline. He left the upturned bottle in the opening of the oil reservoir, and as he started to examine the gasoline tank he noticed that the belt of the fan was off. The man at the wheel raised up and removed the cushion from the seat and unscrewed the cap of the gasoline tank. Before he could make an examination as to the gasoline and while the cap was still removed the man who had lifted the seat drew a gun on him, and one of the others, who had gotten out of the car, ran up behind him with a club and going through his pockets took therefrom eight dollars in money, consisting of silver halves, quarters, dimes and nickels. The three men then hurriedly mounted the car and drove away in the direction of Poplar Bluff. Davidson had a flashlight at the time of this occur-

rence, and saw the face of the man who sat in the front seat and who drew the gun on him, whom he identified as the defendant.

A few minutes after the robbery Davidson, in company with another, got into his car and followed the defendant's car to Poplar Bluff. Arriving there they found on the street an abandoned Ford car with an upturned bottle in the opening of the oil tank, the fan belt off and grease marks on one of the running boards, indicating that an oil bottle had recently been placed there. The cap to the gasoline tank was also off. Davidson identified the defendant when he was apprehended by his voice and features as one of the men who had robbed him. Officers who arrested the defendant testified that they found on his person several dollars in halves, quarters, dimes and nickels.

Defendant denied having committed the robbery and testified that he was elsewhere at the time. One witness, in corroboration of defendant's statement as to his whereabouts the night of the robbery, testified that he saw him in Poplar Bluff at about the time the robbery was shown to have been committed. The jury did not believe the testimony for the defendant.

No brief has been filed for the defendant. We must therefore, in examining the record, be guided by the defendant's motion for a new trial in determining the merit of his contentions.

I. It is contended that the information does not charge an offense; it was drawn under Section 3307, Revised Statutes 1919. This section, as applied to the facts at bar, requires that it be alleged that the defendant feloniously took the property of another from **Information.** his person or in his presence and against his will, by violence to his person or by putting him in fear of some immediate injury to his person. The information contains all of these averments and hence is not obnoxious to adverse criticism. This information is but a rescript of many others which have met with our approval. In State v. Newland, 285 S. W. 1. c. 401; State v. Strada, 274 S. W. 34; and in State v. Affronti, 292 Mo. 1. c. 67, we approved informations of like form to that under review. The informations in each of the cases cited, and that in the instant case, conform with precise care to the requirements of the statute. In earlier cases informations and indictments have been held to sufficiently comply with the statute which were lacking in some of the averments in that at bar and the cases cited. We refer in this connection to State v. Massey, 274 Mo. 578, 204 S. W. 541, and State v. Eddy, 199 S. W. 186. There is therefore no merit in this contention.

II. There was a positive identification of the defendant by Davidson. This was supplemented by incriminatory circumstances point-

ing to defendant's guilt which cannot be construed otherwise than as corroborating Davidson's testimony. We overrule the contention as to the insufficiency of the evidence.

III. Error is assigned in the giving of the instructions. They are designated "A," 1, 2, 3, 4 and 5.

"A" explains to the jury that although the information charges that others and the defendant jointly committed the robbery the latter has been granted a separate trial, and under the court's instructions you will find the defendant guilty or not guilty from the evidence.

"1" is the usual instruction that all are equally guilty who knowingly act together in the commission of a crime.

"2" is the formal general instruction defining the offense and prescribing the punishment.

"3" is to the effect that the information is simply a formal charge and is not to be taken as evidence. This is followed by a statement and explanation of the presumption of innocence and what constitutes a reasonable double.

"4" is an often approved instruction in regard to the defense of an alibi and the manner in which evidence in regard thereto was to be considered.

"5" is concerning the jury's province in regard to the credibility of the witnesses and the weight to be given their testimony, what constituted the jury's province in determining the weight of the testimony of any or all of the witnesses and the manner in which the jury's power in that regard was to be exercised. This instruction is in the form approved by this court in both criminal and civil cases. [State v. Douglas, 278 S. W. l. c. 1027; State v. Hudspeth, 159 Mo. l. c. 200; Wendling v. Bowden, 252 Mo. l. c. 693; State v. Miller, 93 Mo. 269; Wright v. Kansas City, 187 Mo. 678.]

No error was committed in refusing to give an instruction on circumstantial evidence. Such an instruction is required to be given only when the State relies solely on this character of evidence to secure a conviction. There was direct evidence of the participation of the defendant in the commission of the robbery. He was positively identified by Davidson. This contention is, therefore, devoid of merit. [State v. Dickens, 285 S. W. (Mo.) l. c. 448, and cases cited.]

These instructions fairly present every phase of the case under the evidence, and the defendant has no ground of complaint. [State v. Dyer, 285 S. W. (Mo.) 101.] The judgment of the trial court is therefore affirmed. All concur.