**STATE of Missouri, Respondent,**

v.

**Mack C. MOODY, Appellant.**

No. 46472.

Supreme Court of Missouri,

Division No. 1.

May 12, 1958.

No brief filed for appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

HYDE, Judge.

Defendant appeals from a judgment of dismissal of his motion (authorized by Rule 27.26, 42 V.A.M.S.) to vacate a judgment of conviction for robbery with a dangerous and deadly weapon and sentence of 25 years in the penitentiary.

Defendant was charged by indictment with first degree robbery (Sec. 560.120, statutory references are to RSMo and V.A.M.S.); and thereafter an information was substituted for this indictment. Sec. 545.-300. The jury returned the following verdict: "We, the jury, find the defendant, Mack C. Moody, guilty of Robbery, First Degree, as charged in the Substitute Information, and we further find that the defendant Mack C. Moody, was convicted of a prior felony as charged in the Substitute Information and assess his punishment at not less than twenty-five (25) years, and not more than twenty-eight (28) years."

The points raised in the motion to vacate are properly summarized by the Attorney General, as follows:

"(1) The court was without jurisdiction because of the insufficiency of the information, in that it failed to allege that the defendant took the money 'with intent to steal or to deprive the owner thereof' or 'with the intent to wrongfully convert it to the use of the accused.'

"(2) The verdict is fatally defective and will not support a judgment and sentence because it does not state where the term of imprisonment is to be served, i. e., it does not contain the words 'in the state penitentiary.'

"(3) The trial court improperly failed to exercise the discretion granted by Section 546.430 and reduce the term of appellant's sentence because:

"(a) Appellant's co-defendant received a sentence of only five years for the same crime and has already been released from the penitentiary via parole, and

"(b) The court held appellant's motion for new trial under advisement for two months and four days, which lapse of time shows that the court was 'in doubt as to the extenuating circumstances of this cause' and, consequently, should have reduced the sentence."

■ In support of his claim of insufficiency of the information, defendant cites State v. Brown, 104 Mo. 365, 16 S.W. 406; State v. McLain, 159 Mo. 340, 60 S.W. 736; State v. Smith, 174 Mo. 586, 74 S.W. 624; State v. Noell, 220 Mo.App. 883, 295 S.W. 529; United States v. Patterson, C.C., 29 F. 775; State v. Ulrich, 96 Mo.App. 689, 70 S.W. 933; State v. Levy, 119 Mo. 434, 24 S.W. 1026. None of these cases are really in point on defendant's contention concerning this information. Some of them make general statements as to requirements of alleging the offense so that the defend-

ant may know for what acts he is being prosecuted. Three of them (State v. Brown; State v. McLain and State v. Smith) are concerned with requirements of instructions. The contention defendant makes was specifically ruled in State v. Scott, 332 Mo. 255, 58 S.W.2d 275, 277, 90 A.L.R. 860, as follows: "The information follows the language of this statute in charging the crime attempted to be perpetrated. A robbery charge so made would be good. State v. Hahn, 316 Mo. 229, 289 S.W. 845. It was unnecessary to allege a felonious intent on the part of the defendants to convert the money to their own use and to deprive the owner thereof. State v. Huffman, Mo.Sup., 238 S.W. 430, 435; State v. Lasson, 292 Mo. 155, 171, 238 S.W. 101, 105." See also State v. Steenbergen, 334 Mo. 880, 68 S.W.2d 684, 685; State v. Medley, 353 Mo. 925, 185 S.W.2d 633, 634. The information herein followed the language of the statute and was certainly sufficient to give the court jurisdiction.

 As to the verdict, we have likewise specifically held that the absence of such words as "in the penitentiary" does not render the verdict defective so as even to be reversible error on appeal. In State v. Herman, Mo.Sup., 280 S.W.2d 44, 46, we said: "No objection was made to the verdict at the time it was returned and it is clear that the noted omission ("the words 'in the penitentiary'") could not affect the meaning of the verdict. It was responsive to the information. The punishment assessed was within the limits prescribed for robbery in the first degree. Section 560.-135." See also State v. Famber, 358 Mo. 288, 214 S.W.2d 40; State v. Pittman, Mo., 221 S.W.2d 163, 164. This also had no effect on the jurisdiction of the court.

Failure of the court to exercise its discretion to reduce the sentence, of course, could have nothing to do with jurisdiction and this claim has no place in a motion under Rule 27.26. As we said in State v. Hagedorn, Mo.Sup., 305 S.W.2d 700, 702: "A motion under Rule 27.26 may not be used as a substitute for a motion for new trial (State v. Cerny, 365 Mo. 732, 286 S.W. 2d 804) nor function as an appeal." See cases cited 305 S.W.2d loc. cit. 702. No grounds are stated in defendant's motion showing, as required by Rule 27.26, that "sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack."

The judgment is affirmed.

All concur.