**STATE of Missouri, Respondent,**

v.

**Ronald B. JARRETT, Appellant.**

**No. 46736.**

Supreme Court of Missouri,

Division No. 2.

Nov. 10, 1958.

No attorney for appellant.

John M. Dalton, Atty. Gen., John C. Baumann, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Ronald B. Jarrett appeals from an order overruling his motion under Rule 27.26 (42 V.A.M.S.) to vacate or correct a judgment imposing a sentence of ten years' imprisonment for first degree armed robbery (sections 560.120, 560.135). Statutory references are to RSMo 1949 and V.A.M.S.

The prisoner's complaint is lodged against the information.

■ The information charged, so far as material, that Ronald B. Jarrett "did then and there wilfully, unlawfully, and feloniously make an assault in and upon one Peggy McFadin, who was then and there the agent, servant and employee of Emil H. Haworth * * *, and who was then and there in charge of the money, effects, and property of the said Emil H. Haworth * * *, by means of a dangerous and deadly weapon, to-wit: a revolver, and Fifty and no/100 ($50.00) Dollars * * *, the property of the said Emil H. Haworth * * * , in the presence and against the will of the said Peggy McFadin * * *, by putting her, the said Peggy McFadin, in fear of some immediate injury to her person, did feloniously rob, steal, take and carry away, with the intent then and there to permanently deprive the owner of the use thereof * * *."

Petitioner states he makes no claim the information failed to charge an offense. The substance of his motion is, since the information did not charge that he committed the offense with the intent "to deprive the owner of it [the property], and to wrongfully convert it to the use of the robber," that the information did "not charge an offense greater than 'Robbery in the Second Degree,'" which is subject to a maximum punishment of five years' imprisonment (sections 560.125, 560.135). He prayed that he be resentenced to a term not exceeding five years' imprisonment for robbery in the second degree and that he might be present at the hearing on the motion.

Petitioner's motion is without merit. It may be readily disposed of. We need not discuss what attacks against an information fall within the provisions of Rule 27.26; but consult 20 A.L.R.2d loc. cit. 985; Rowley v. United States, 8 Cir., 191 F.2d 949, 951; United States v. Segelman, D.C., 117 F.Supp. 507, 508 [4], affirmed, 3 Cir., 212 F.2d 88; Jordan v. United States District Court, 98 U.S.App.D.C. 160, 233 F.2d 362, 365 [7–9], 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114.

Section 560.120 (see also section 560.-125) does not mention any specific intent as an essential element of the offense. The information follows the statute and it stands decided that the charge is good without the language mentioned by petitioner. State v. Moody, Mo., 312 S.W.2d 816 [1], quoting State v. Scott, 332 Mo. 255, 58 S.W.2d 275, 277 [2], 90 A.L.R. 860, and citing other authority; State v. Maddox, Mo., 250 S.W.2d 971 [2]; State v. Strada, Mo., 274 S.W. 34 [1]; State v. Hahn, 316 Mo. 229, 289 S.W. 845, 846 [1]. In addition, the instant information explicitly charged a taking with intent to deprive the owner of the use of the property.

■ The issue presented is one of law. Motions under Rule 27.26 may be summarily disposed of where the motion or the records and files show that the prisoner is entitled to no relief, or where the only issue presented is one of law. State v. Ninemires, Mo., 306 S.W.2d 527, 529 [2, 12]; State v. Kitchin, Mo., 300 S.W.2d 420 [2]. The filing of the motion should not function to disrupt the prison sentence, and the prisoner's presence at the hearing is not required when unnecessary to a disposition of the motion. Consult Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965, 971 [4], certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650; Hill v. United States, 6 Cir., 223 F.2d 699, 702 [6], certiorari denied 350 U.S. 867, 76 S.Ct. 113, 100 L.Ed. 768; Kossin v. United States, 6 Cir., 235 F.2d 188 [2]. No error was committed in summarily ruling petitioner's motion.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.