**STATE of Missouri, Plaintiff,**

v.

**Billy Lee GLENN, Appellant.**

No. 46659.

Supreme Court of Missouri,

Division No. 2.

Nov. 10, 1958.

No attorney for appellant.

John M. Dalton, Atty. Gen., Russell S. Noblet, Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

Appellant has appealed from the judgment of the Circuit Court of Vernon County overruling his motion filed pursuant to Supreme Court Rule 27.26, 42 V.A.M.S., to vacate the judgment and sentence of ten years imprisonment entered upon his plea of guilty to first degree robbery. The trial court overruled the motion without a hearing because "Upon a careful examination of the motion, the files and the records of the case the court finds that the prisoner is entitled to no relief." We review the matter de novo. Supreme Court Rule 28.05.

Appellant's motion is lengthy and a substantial portion of it consists of argument and quotations from cases. It obviously was prepared without the assistance of counsel, and some difficulty is encountered in determining the precise contentions sought to be presented. However, we conclude that appellant contends his sentence should be set aside because: (1) "At no time, during his arraignment and/or sentencing * * * was he represented by counsel;" (2) he was not "given [an] opportunity to obtain the services and/or advice of a competent attorney in his behalf;" and (3) nowhere in the "records" is there any mention that he was represented by counsel. Appellant then states "for the factual information of this Court" that he was told by unnamed "officials" of Vernon County that he would receive the minimum sentence for the offense charged, and that he did not learn until after he entered the penitentiary that ten years was not the minimum sentence, but he "concedes there is no proof of any such agreement having been entered into." He then states, also for the factual information of the court, that he "was barely able to read and write and was so ignorant at the time that he did not even know his true age." In the "conclusion" to his motion appellant then states that his "tender age [,], ignorance of the law [,], lack of education [and] unfamilitarity of court room procedure makes the conclusion irrestiable that he was not capable of intelligently waiving the assistance of counsel."

We note that appellant makes no contention that he was in fact not guilty of the offense charged, or that he requested and was refused an opportunity to employ counsel, or that the court refused upon request to assign counsel to him.

The judgment contains the usual recitals that appellant appeared in person; that the information was read to him; that he pleaded guilty to the offense charged; that he was granted allocution; and that he was sentenced to confinement in the penitentiary for a term of ten years. However, there is no recital in the judgment pertaining to the appointment of counsel for appellant, or that he waived his right to representation by counsel.

The files and records of the case include a transcript of the proceedings at the time appellant entered his plea of guilty and was sentenced. It shows that on May 10, 1954, the first day of the May Term of the Circuit Court of Vernon County, appellant appeared "in person without counsel," and at the direction of the court the informa-

tion was read to him by the prosecuting attorney. Appellant and one Jesse Martin were both charged with the same offense arising out of the same occurrence, and the court announced that "We will take these up together." The following then occurred.

"(The Court) Do either of you gentlemen have a lawyer?

"Mr. Glenn: No.

"The Court: Do you know what you are charged with—first degree robbery?

"Mr. Glenn: Yes, sir.

"Q. (By the Court) Mr. Glenn, how old are you? A. Nineteen.

"Q. You heard the reading of the information? A. Yes.

"Q. Do you want a lawyer? A. No.

"Q. You don't? A. No. * * * [Interrogation of Jesse Martin.]

"Q. (To defendant Glenn) Now, Mr. Glenn, have you ever been arrested before? A. Yes sir.

"Q. When? A. Two year sentence in the Missouri Penitentiary.

"Q. When was that? A. I got out December 18th of last year.

* * * * * *

"Q. What were you boys doing down here? A. I was working with a carnival.

"Mr. Martin: We both were.

"The Court: You are charged here with first degree robbery, are you guilty or not guilty, Mr. Martin?

"Mr. Martin: Guilty.

"The Court: What do you say, Mr. Glenn?

"Mr. Glenn: Guilty.

"The Court: You are guilty too?

"Mr. Glenn: Yes.

"The Court: Mr. Prosecuting Attorney, what do you have to say about these two boys?"

The prosecuting attorney then recited to the court "the facts as best I know them" the substance of which was as follows: Defendant and Jesse Martin were with two other boys in Joplin, Missouri. One of the boys obtained a .22 rifle and they stole an automobile and drove north on Highway 71. At Nevada, Missouri, in Vernon County they broke into a gasoline station and some merchandise was taken. The court then interrupted and the following occurred:

"The Court: They broke into the station here after stealing the car in Joplin—is that right, boys?

"Mr. Martin: I'm the one that broke into the station.

"The Court: (To [Mr.] Glenn) Were you with him?

"Mr. Glenn: I was in the car."

The prosecuting attorney then stated that the car was driven several miles north of Nevada where it "apparently ran out of gas." The four boys then "waved down" an automobile driven by George Feeden, placed a gun on him, required him and two passengers to get out of the car, took $7 from Feeden and one of his passengers and then took the Feeden automobile and drove away. The court again interrupted and the following occurred:

"The Court: Wait just a minute. Is that all true, boys?

"Mr. Martin: Yes.

"Mr. Glenn: Yes.

"The Court: Which one held the gun?

"Mr. Glenn: I did.

"Mr. Martin: Can I make a statement?

"The Court: Yes, you make any statement you want to.

"Mr. Martin: There was no shells in the gun—we had no shells for the gun so there was no chance of anyone getting killed.

"The Court: Did you tell your victim there were no shells in there?

"Mr. Martin: No, sir. I'm afraid that wouldn't of worked.

\*  \*  \*  \*  \*  \*

"The Court: Mr. Glenn, you held the gun on them while he robbed them, is that right?

"Mr. Glenn: He was on one side and I was on the driver's side. I had him pull over to the shoulder of the road and told him to give me his billfold.

"The Court: You held the gun on them while he took the money off of them, is that right?

"Mr. Glenn: I took the money from whatever her name is, which she got from Feeden, she handed it to me. I didn't go in his pockets.

"The Court: You held them all up and put the gun on them and took their pocketbooks away from them, is that right?

"Mr. Martin: We give the pocketbooks back to them.

"The Court: Are you both guilty of this charge?

"Mr. Glenn: Yes.

"Mr. Martin: Yes.

"The Court: Do you have anything further to say why sentence shouldn't be pronounced at this time?

"Mr. Martin: No.

"Mr. Glenn: No."

The precise charge to which appellant pleaded guilty and was sentenced was that he made an assault on George Feeden and by putting him in fear of some immediate injury to his person did rob, steal, take and carry away his automobile of the value of $500. Although he was charged with robbery in the first degree, contrary to the assertion made by appellant in his motion, he was not charged with having committed the robbery by a dangerous and deadly weapon. Therefore, he was not charged with a capital offense, but with an offense punishable by "imprisonment in the penitentiary for not less than five years." Sections 560.120 and 560.135 RSMo 1949, V.A.M.S.

■ Art. I, Sec. 18(a), Constitution of Missouri, 1945, V.A.M.S., provides "That in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel; \* \* \*." In aid of this provision it is provided by § 545.820 RSMo 1949, V.A.M.S., that "If any person about to be arraigned upon an indictment for a felony be without counsel to conduct his defense, and be unable to employ any, it shall be the duty of the court to assign him counsel, at his request, not exceeding two, who shall have free access to the prisoner at all reasonable hours." See also the provisions of Supreme Court Rule 29.01, 42 V.A.M.S. However, there is no requirement, nor is it even contemplated, that the court shall assign counsel in every case in which the accused appears without counsel. Appellant does not allege in his motion that he was unable to employ counsel, although we can safely assume that his position now is that he was not, or that he did not understand that the court would appoint counsel for him upon request. Neither does he allege that he requested or desired counsel at the time of trial, and the transcript of the proceedings as above set out shows that he did not. The files and records of the case affirmatively establish that there was no violation of the above constitutional and statutory provisions or of Supreme Court Rule 29.01 on the basis that the trial court failed or refused to permit appellant to obtain his own counsel or that it

failed or refused to assign counsel to him upon request.

█ It is apparent from the argument made in appellant's motion, and the cases cited therein, that he contends the failure of the trial court to appoint counsel for him resulted in a denial of due process of law in violation of the Fourteenth Amendment to the United States Constitution. Appellant relies primarily upon Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L. R. 357; and Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398.

In Powell v. State of Alabama it was held that [287 U.S. 45, 53 S.Ct. 65] "in a capital case, where the defendant is unable to employ counsel, and is incapable adequately of making his own defense because of ignorance, feeblemindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law; * * *." In the Uveges case there was an indication that the above rule should be applicable when the accused was charged with any "serious" offense, and we do not readily see why the requisites of due process should vary according to the severity of the permissible punishment. However, neither of these cases holds that a court must appoint counsel for the accused in every case or that the accused cannot understandingly waive his constitutional right to representation by counsel. In this case the files and records unquestionably establish that the right to representation by counsel was expressly waived, and in Johnson v. Zerbst, one of the cases relied on by appellant, it was stated that consistent with the principles of due process of law an accused may, when competent to do so, waive his constitutional right to representation by counsel. See, also, Batson v. United States, 10 Cir., 137 F.2d 288; State v. Young, 361 Mo. 529, 235 S.W.2d 369; Skiba v. Kaiser, 352 Mo. 424, 178 S.W.2d 373.

Williams v. Kaiser, which appellant contends is "an exact parallel" to this case, also does not support his position. There it was held that the allegations in an application for a writ of habeas corpus by a person who had entered a plea of guilty to a capital offense was sufficient to require the issuance of the writ and to require a hearing when it was alleged that the accused requested the aid of counsel at his trial and none was appointed for him. There is no contention here by appellant that he requested counsel, or that any such request was either denied or ignored.

When we consider the files and records in this case, which appellant does not in any way challenge, it is readily apparent that the allegations in his motion to the effect that he was not represented by counsel and that he was not "given" an opportunity to obtain the services of counsel do not present any basis for the relief sought.

█ By giving a liberal interpretation to appellant's motion, it may be said that he at least attempted to contend that although he expressly waived the right to be represented by counsel he was not competent to do so intelligently, and for that reason the failure to appoint counsel deprived him of due process of law. In Williams v. Kaiser, supra [323 U.S. 471, 65 S.Ct. 365], it was stated that a "judgment based on a plea of guilty is not of course to be lightly impeached in collateral proceedings," and in Johnson v. Zerbst, supra [304 U.S. 458, 58 S.Ct. 1025], it was stated that "Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel." It unquestionably is also the rule that when an accused expressly waives the assistance of counsel and enters a plea of guilty to the charge against him, as appellant did in this case, and then subsequently in a proceeding under Supreme Court Rule 27.26

seeks to have the judgment and sentence declared void on the ground that he was not provided with counsel, the burden is on him to allege facts, as distinguished from conclusions, which if true would authorize a finding that he was not competent to waive intelligently his right to assistance of counsel.

"A motion to vacate under Rule 27.26 is insufficient which states mere conclusions," State .v. Ninemires, Mo.Sup., 306 S.W.2d 527, 530, and appellant has set forth only conclusions concerning his contended inability to waive counsel. In addition, the conclusions he has set forth are in conflict with the only reasonable interpretation of what he said and did as revealed by the files and records of the case. That part of the transcript previously quoted shows that appellant was of sufficient age to have been previously discharged from a two-year sentence in the Missouri penitentiary, and that he unequivocally stated in response to a direct question by the court that he had no counsel and that he did not want counsel. The files and records show that appellant did not merely enter a plea of guilty, as a matter of a conclusion on his part, to a charge of first degree robbery, but he either related facts or acknowledged the correctness of stated facts which unquestionably established the commission by him of the precise offense with which he was charged. There is absolutely nothing in the files and records to indicate that appellant was below average intelligence, or that he was naive, inexperienced, ignorant, or that he did not knowingly and understandingly waive representation by counsel.

▮ It was never contemplated by the adoption of Supreme Court Rule 27.26 that a prisoner in custody may allege in a motion, by way of conclusions which are directly in conflict with what is shown by the files and records, that he was so "ignorant" at the time he entered his plea of guilty and expressly waived counsel that he did not know what he was doing, and thereby require the state to·transport him from his place of confinement to the circuit court which imposed sentence in order to hold ,a hearing on that issue.

Appellant's motion and the files and records of this case show to the satisfaction of this court, as they did to the trial court, that appellant is entitled to no relief. Therefore, the judgment is affirmed.

BOHLING and BARRETT, CC., concur.

All concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.