STATE of Missouri, Respondent,

v.

Ray Eugene WARREN, Appellant.

No. 47037.

Supreme Court of Missouri,
Division No. 2.
March 9, 1959.

Ray E. Warren, pro se.

John M. Dalton, Atty. Gen., Richard W. Dahms, Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

Appellant has appealed from the judgment of the Circuit Court of St. Louis City overruling his motion filed pursuant to Supreme Court Rule 27.26, 42 V.A.M.S., to vacate the judgment and sentence of twenty years imprisonment entered after verdict by a jury.

Appellant's motion obviously was prepared without the aid of counsel, but it appears to be his contention that the judgment and sentence should be set aside because court-appointed defense counsel was forced upon him without his consent and against his wishes, and because this counsel did not attempt "to provide a defense" for him.

Appellant has filed pro se in this court what purports to be a brief but which totally fails to comply with Supreme Court Rule 1.08, 42 V.A.M.S. It contains no points relied on but consists of a rambling mixture of alleged facts, argument and quotations from cases, some of which are inaccurate. We shall disregard the technical deficiencies of this brief and review the judgment of the trial court de novo. Supreme Court Rule 28.05, 42 V.A.M.S.

The record contains a complete transcript of the trial and a copy of the minutes of the trial court. From them we find that appellant was arraigned on December 7, 1954, at which time he pleaded not guilty to the charge of first degree robbery by means of a dangerous and deadly weapon. The case was set for trial on January 17, 1955, but several continuances followed "for want of time to try." A "motion to strike" was filed by appellant on February 23 and submitted to the court on March 2. Leave was granted to the parties to file briefs, but on March 17 the motion was withdrawn

without prejudice. On April 14, "By leave of Court, Public Defender, Milton Metz, J. Noskay and O'Hanlon" withdrew as attorney for appellant. This is otherwise shown to have been at the request of appellant. On April 19, 1955, Mr. Henry Simpson was appointed by the court as attorney for appellant, but on May 9 appellant "dismissed" Mr. Simpson and requested that Mr. James Rankin be appointed. The trial court made the appointment that day. On May 12, in the judge's chambers, appellant "dismissed" Mr. Rankin, and stated that he wanted to act as his own attorney. On May 16, the day the case was set for trial, appellant insisted that he still wanted to handle his own case. However, the trial court appointed Mr. Charles Grassmuck, an attorney, to assist him.

After appellant had had a discussion with his newly appointed attorney, a conference was held in the trial judge's chambers. The assistant circuit attorney announced that the death penalty would be waived by the State, and the following then occurred:

"The Court: Warren, do I understand you want to take some part in the case yourself?

"Defendant Warren: Yes, sir.

"The Court: Of course, you understand you have to abide by the rulings of the court?

"Defendant Warren: Yes, sir.

"The Court: And the orders of the Court?

"Defendant Warren: Yes, sir.

"The Court: Mr. Grassmuck has been appointed to represent you.

"Defendant Warren: Yes, sir.

"Mr. Grassmuck: Do you accept me on the basis which we talked?

"Defendant Warren: Yes, sir.

"Mr. Grassmuck: You agree with me that you will follow the suggestions and recommendations and the rulings of the Court and proper conduct in the courtroom?

"Defendant Warren: Yes, sir.

"Mr. Grassmuck: If I tell you to keep quiet at a particular time, you will wait until we get a particular situation or circumstance clarified, so that there will be no confusion and orderly procedure may be maintained.

"Defendant Warren: Yes, sir."

There then followed a discussion in which the assistant circuit attorney commented that appellant had discharged all his previously appointed counsel, and that the State had been insisting for some time that the case be tried. In reply, appellant stated: "Let the record show that I have been wanting to go to trial for a long time now and let the record show that I asked for a change of venue and the Judge would not grant it." Mr. Grassmuck then asked appellant if he was "willing to go to trial," and he replied "That hasn't been my acceptance, it has been forced on me." When asked who he thought had "forced the situation" on him, he replied, "The people already know that." The following then occurred:

"Mr. Bruntrager [assistant circuit attorney]: Would you rather handle your own case?

"Defendant Warren: Yes.

"The Court: You can't handle your own case because you don't anything about the rules of procedure. A man has to be a lawyer to handle his own case.

"Defendant Warren: I can sit out there?

"The Court: I beg your pardon?

"Defendant Warren: I can sit out there?

"The Court: All right.

"Mr. Grassmuck: Will you accept my service to help you in any way I can in the procedure of the trial?

"Defendant Warren: I don't.

"Mr. Grassmuck: You do not accept?

"The Court: Well, I have appointed you to act as his attorney and the case must go to trial."

The assistant circuit attorney then said he would like to clear up the matter concerning a change of venue, and upon being asked to state his reason for requesting a change of venue, appellant stated, "The Judge is prejudiced of me." Further discussion then developed that although appellant thought he could "defend myself all right," he thought the trial judge was prejudiced because he had presided at a previous trial for a different offense in which the appellant had been found guilty by a jury. The trial judge then made a painstaking and accurate explanation of the respective functions of the trial judge and the jury, and Mr. Grassmuck stated to appellant that if he had any reason to support his request for a change of venue he should state it. Appellant replied, "I want a change of venue. If you won't give it to me, I ain't going to state nothing."

There then followed a discussion of the reason certain evidence was admitted at the former trial, and the following occurred:

"The Court: Have you any other reason to offer, Warren?

"Mr. Bruntrager: Let the record show he is shaking his head.

"The Court: Do you want to go to trial?

"Defendant Warren: Let the record show I didn't answer."

Mr. Grassmuck then told appellant that if he wanted any objection to be made during the trial to tell him so that he could make it properly. When asked if he understood the procedure, appellant made no answer. The following then occurred:

"Mr. Grassmuck: Don't you understand me or don't you wish to answer that?

"Defendant Warren: (No answer).

"Mr. Grassmuck: Do you want to talk to me privately about that point?

"The Sheriff: If you want to talk to him in private, I will take you outside.

"Defendant Warren: (No answer).

"The Court: Well, we have to get along. We can't waste all morning.

"Defendant Warren: I am ready.

"Mr. Grassmuck: Are you willing to stand trial along the lines I talked to you about here and in private?

"Defendant Warren: (No answer).

"The Court: What do you say, Warren?

"Defendant Warren: (No answer).

"The Court: Don't you want to answer the question?

"Defendant Warren: (No answer).

"The Court: Very well, we will proceed with the trial."

■ Supreme Court Rule 27.26, 42 V.A. M.S., "affords a prisoner a convenient means for a direct attack on the judgment of conviction by motion in the original proceedings. The attack is governed by the general principles applicable to habeas corpus proceedings within the grounds specified in Rule 27.26, which lie only where the sentence is void or otherwise subject to collateral attack." State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 806. If the appellant's motion to vacate and the files and records of the original criminal prosecu-

tion disclose that a claim for relief is not stated, a hearing on the motion is not required. Supreme Court Rule 27.26, 42 V.A.M.S.; State v. Ninemires, Mo.Sup., 306 S.W.2d 527.

■ The record discloses that after appellant had refused the service of the office of the public defender and had "dismissed" two court-appointed attorneys, one of whom he had requested by name, he then stated that he wanted to represent himself, and up to and on the day of trial he continued to take that position. Section 18(a), Article I, Constitution of Missouri, V.A.M.S., provides that in criminal prosecutions "the accused shall have the right to appear and defend, in person and by counsel; * * *." This provision is supplemented by Supreme Court Rule 29.-01, 42 V.A.M.S. Therefore, appellant had the right to represent himself, and as stated in Carter v. People of State of Illinois, 329 U.S. 173, 67 S.Ct. 216, 218, 91 L.Ed. 172, "Neither the historic conception of Due Process nor the vitality it derives from progressive standards of justice denies a person the right to defend himself or to confess guilt. Under appropriate circumstances the Constitution requires that counsel be tendered; it does not require that under all circumstances counsel be forced upon a defendant." However, in Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 56, 77 L.Ed. 158, it was held that "in a capital case, where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of ignorance, feeble-mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law; * * *." The State waived the death penalty and the instructions of the court did not permit the jury to impose it. Therefore, this was not a "capital case." State v. Montgomery, 363 Mo. 459, 251 S.W.2d 654, 656. But, we see no readily apparent reason why the minimum standard for due process of law should depend upon the permissible punishment. Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127; State v. Glenn, Mo.Sup., 317 S.W.2d 403. The above basic requirement for due process of law is applicable to this case. The trial court observed appellant and came to the conclusion, notwithstanding appellant's own opinion of his ability to represent himself adequately, that he needed the assistance of counsel. While recognizing the right of appellant to defend in person against the charge made against him, the trial court also recognized the rule announced in Powell v. Alabama and appointed counsel to assist him.

We have found but one case where a similar contention was made. In State v. Greaves, 243 Mo. 540, 147 S.W. 973, the defendant was charged with murder and counsel was appointed for him over his objection. On appeal it was held that this did not result in reversible error. Here, the matter is not raised on appeal but as a collateral attack against the validity of the judgment.

There is nothing to indicate that the appointed counsel had any interest adverse to or in conflict with that of appellant as existed in Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, and the fact, and nothing more, that the trial court provided appellant with counsel, even over his objection, does not constitute a denial of due process of law.

■ Appellant next contends that his court-appointed counsel did not attempt "to provide a defense" for him, and that "for his counsel to fail to protect every right of his client, that is to say, when his counsel completely abandons the defendant by failing completely to present evidence and/or testimony which would establish, without any doubt, that [appellant] was not guilty, is, in effect, the denial of true representation by counsel." We note that it is some-

what inconsistent for appellant to assert that counsel was forced upon him when he wanted none at all, and that he was denied effective representation by counsel. Appellant does not allege what defense his counsel should have provided for him or what available evidence he failed to present. If by this allegation appellant means or intends to imply that his counsel should have provided a defense or presented evidence not in fact true then he has an erroneous idea of the duties of defense counsel.

"A motion to vacate under Rule 27.26 is insufficient which states mere conclusions. In order to state a claim, the facts alleged must be sufficient to establish grounds for the relief contemplated by the rule." State v. Ninemires, Mo.Sup., 306 S.W.2d 527, 530; State v. Cerny, 365 Mo. 732, 286 S.W. 2d 804. The allegations in the motion pertaining to the action or nonaction of appellant's court-appointed counsel are conclusions only; they are insufficient to establish that appellant was denied due process of law; and they afford no basis for the relief requested in the motion or contemplated by Rule 27.26. See also, State v. Freedman, Mo.Sup., 282 S.W.2d 576; State v. Sprouse, Mo.Sup., 286 S.W.2d 761, certiorari denied 352 U.S. 851, 77 S.Ct. 72, 1 L.Ed.2d 61; State v. Glenn, Mo.Sup., 317 S.W.2d 403.

In view of the attack made by appellant on his court-appointed counsel, it is appropiate to mention that we have read carefully the entire transcript of the trial, and we find nothing therein which even gives cause to suspicion that counsel did not carry out his duties to his client in a commendable and capable manner and protect appellant's interest to the best of his ability.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

STORCKMAN, P. J., EAGER, J., and JAMES W. BROADDUS, Special Judge, concur.