STATE of Missouri, Respondent,

v.

Bob Dale McDONALD, Appellant.

No. 48368.

Supreme Court of Missouri,

Division No. 2.

Feb. 13, 1961.

Bob Dale McDonald, defendant pro se.

John M. Dalton, Atty. Gen., John C. Baumann, Asst. Atty. Gen., for respondent.

EAGER, Judge.

The appellant filed a motion under Criminal Rule 27.26, V.A.M.R., to vacate a judgment and sentence of twenty-five years' imprisonment which was pronounced on his plea of guilty to a charge of first degree robbery. We shall refer to the appellant as defendant. The information charged the robbery of a liquor store and the use of a shotgun in accomplishing the act. The trial court denied the motion to vacate without hearing evidence. The motion alleges that the offense was a capital one, that defendant was a "complete illeterate" and that the court did not appoint counsel for him but, rather, forced him to enter a plea without counsel. In the motion and in an informal brief filed here pro se, defendant concludes that he was thereby deprived of a fundamental right guaranteed to him under the due process clause of the Federal Constitution, Amend. 14, as well as rights under the Missouri Constitution, art. 1, § 10, V.A.M.S.; that the court was required to appoint counsel for him whether requested to do so or not, and that the judgment and sentence are void. We consider the matter here de novo under the provisions of Rule 28.05. Under Rule 27.26 a hearing should be held "unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief. * * *."

We have held in numerous cases that when the files and records of the original proceeding, considered with the motion, show that defendant is entitled to no relief, the matter may be summarily disposed of. State v. Jarrett, Mo., 317 S.W.2d 368; State v. Rutledge, Mo., 317 S.W.2d 365; State v. Kitchin, Mo., 300 S.W.2d 420, certiorari denied 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1429; State v. Childers, Mo., 328 S.W.2d 43. The judgment and sentence here recite: that defendant was informed of his right to counsel and of the Court's willingness to

appoint counsel, and that defendant was found to be "mentally capable and sufficiently informed" to decide his need for counsel; further, that the failure to appoint counsel would not work injustice to the defendant. The proceedings which took place at the time of the plea were stenographically transcribed. It was thus shown that defendant was twenty-two years of age, single, lived with a sister, had gone "to the 6th grade" in school, that his mother and stepfather had visited him in the jail and had talked with him about the charges against him, that he had told them that he was going to plead guilty but "they didn't know what to say"; that the court specifically advised defendant that he was entitled to a jury trial and that he was entitled to have a lawyer represent him, both of which statements defendant stated he understood. The following then occurred:

"The Court: The Court will appoint a lawyer for you, if you want one.

"Defendant: I don't think that there is much need in that.

"The Court: You don't know whether you want to plead guilty or not guilty?

"Defendant: I am guilty."

Following this, the Prosecutor recited briefly the facts of the robbery, including the use of a shotgun and the taking of the money, and he also stated:

"This carries the death penalty but the State will recommend twenty five years."

Thereupon the following interrogation took place:

"The Court: Mr. McDonald, you heard what the Prosecuting Attorney said. Is that what happened?

"Defendant: Yes, sir. * * *

"The Court: Did you use the shot gun?

"Defendant: Yes, sir.

"The Court: Have you ever been in any trouble before?

"Defendant: No, sir. I haven't never been booked for anything before.

"(Here followed interrogation concerning defendant's residence, his relatives, and his talk with his mother and stepfather.)

"The Court: The State has recommended your punishment be fixed at twenty five years in the State Penitentiary.

"Defendant: Yes, sir.

"The Court: The Court would be inclined to follow that recommendation but I want you to understand before I do that, what the result is going to be; that you will be going up there for that length of time, and if you stay twenty five years or not I have no way of knowing, but I presume that you will be staying there the whole twenty five years. I want you to understand that you have a right to a trial before a jury, and time in which to prepare for a trial —and do you understand that?

"Defendant: Yes, sir. I think I will wait and go to the other court.

"The Court: You mean you want to wait and have a trial?

"Defendant: Yes, sir.

"The Court: All right. You might get more before jury and you might get less.

"Defendant: Yes, sir.

"The Court: You want to withdraw your plea of guilty or stand on the plea. If you stand on the plea of guilty the Court will follow the recommendation of the Prosecuting Attorney and—

"Defendant: I will stand on it.

"The Court: You know what you are doing?

"Defendant: Yes, sir. I think I do.

"The Court: You will let that plea stand knowing the Court is going to give you twenty five years?

"Defendant: Yes, sir.

"The Court: All right. On your plea of guilty and on the recommendation of the Prosecuting Attorney, your punishment is fixed at twenty five years in the State Penitentiary, and so sentenced."

In support of the motion defendant cites: Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859; Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Cochran v. State of Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; State v. Williams, 320 Mo. 296, 6 S.W.2d 915. To these we might add Uveges v. Com. of Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127; Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398.

■ In State v. Kitchin, Mo., 300 S.W. 2d 420, loc. cit. 423, 424, certiorari denied 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1429, in referring to the federal cases, we said: "Generally, they establish the following propositions: that, consonant with due process, a defendant charged with a serious crime (including state proceedings) is entitled to the assistance of counsel unless he has intelligently waived that right; that this right includes the opportunity reasonably to consult with counsel and to prepare a defense; and that, in habeas corpus or other collateral proceedings, extraneous facts may be inquired into if they are *not inconsistent* with the

recitals in the judgment; that otherwise, the judgment recitals are conclusive, at least in the absence of fraud." In Betts v. Brady, supra, the court said, in part, loc. cit. 316 U.S. at pages 464–465, 62 S.Ct. at page 1257: "We have construed the provision to require appointment of counsel in all cases where a defendant is unable to procure the services of an attorney, and where the right has not been intentionally and competently waived." See, also, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Uveges v. Com. of Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127. In Carter v. People of the State of Illinois, 329 U.S. 173, 177, 67 S.Ct. 216, 220, 91 L.Ed. 172, the court said, after considering the recitals appearing in the Illinois record: "This, then, is not a case in which intelligent waiver of counsel is a tenuous inference from the mere fact of a plea of guilty. Rice v. Olson, supra, 324 U.S. [786] at page 788, 65 S.Ct. [989] at page 990, 89 L.Ed. 1367. A fair reading of the judgment against Carter indicates a judicial attestation that the accused, with his rights fully explained to him, consciously chose to dispense with counsel. And there is nothing in the record to contradict the judicial finding."

■ Looking to our own cases, we find that we have uniformly held that the assistance of counsel may be waived by a defendant, if done intelligently. State v. Glenn, Mo., 317 S.W.2d 403, certiorari denied 358 U.S. 942, 79 S.Ct. 348, 3 L.Ed.2d 349; Mackey v. Kaiser, Mo., 187 S.W.2d 198; State v. Shell, Mo., 299 S.W.2d 465, certiorari denied 353 U.S. 967, 77 S.Ct. 1052, 1 L.Ed.2d 916, certiorari denied 356 U.S. 939, 78 S.Ct. 782, 2 L.Ed.2d 814; State v. Kitchin, Mo., 300 S.W.2d 420, certiorari denied 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1429. We likewise hold that where a defendant elects to present a collateral attack upon a judgment, such as is made here, he must plead and prove facts establishing the claimed invalidity, as distinguished from his conclusions. State v.

Ninemires, Mo., 306 S.W.2d 527; State v. Cerny, 365 Mo. 732, 286 S.W.2d 804; State v. Glenn, Mo., 317 S.W.2d 403. And the defendant's unsupported statements, in his motion or otherwise, will not be permitted to contradict the record so as to establish a fact issue. State v. Kitchin, Mo., 300 S.W.2d 420 (and cases there cited); State v. Smith, Mo., 324 S.W.2d 707; State v. Glenn, Mo., 317 S.W.2d 403; State v. Rutledge, Mo., 317 S.W.2d 365; Cochran v. State of Kansas, 316 U.S. 255, 62 S.Ct. 1068, 1069, 86 L.Ed. 1453. If no issue of fact is made on a motion such as this the court may summarily dispose of it as a matter of law. State v. Glenn, Mo., 317 S.W.2d 403; State v. Kitchin, Mo., 300 S.W.2d 420; State v. Rutledge, Mo., 317 S.W.2d 365; State v. Jarrett, Mo., 317 S.W.2d 368.

■ Although robbery with a dangerous and deadly weapon is classed as a capital offense, § 560.135 RSMo 1949, V.A.M.S., the Prosecutor here, by his recommendation, waived that penalty, if indeed this would otherwise be material. The State may waive that penalty. State v. Warren, Mo., 321 S.W.2d 705. In purportedly copying parts of the stenographic transcript into his brief, defendant has transposed his statement regarding the appointment of counsel, namely, "I don't think that there is much need in that," into a question, i. e., "I don't think there is much need is there?" The intended effect is obvious, but, of course, we follow the certified transcript. Defendant's statement that he was a complete illiterate is a conclusion; he had progressed to the sixth grade, his responses were intelligent, he was twenty-two years old, and there is nothing, factually, to sustain the allegation; the court found otherwise after observing him. The plea was entered twenty four days after defendant's arrest, and there was nothing precipitate in the proceedings; defendant had been visited by his mother and stepfather and he had discussed the charges with them. He was specifically advised by the court of his right to counsel and he clearly waived that right, as well as his right to a jury trial. We note also the very unusual fact that the court advised defendant in advance of the sentence which it proposed to pronounce, and that it then offered him an opportunity to withdraw the plea of guilty which he had tentatively entered; and that, although defendant indicated momentarily that he would do so, he definitely concluded to stand on the plea of guilty, knowing the sentence. There was and could have been no fundamental unfairness under these circumstances. And even now defendant does not state that he was not guilty of the offense charged, or that he was not offered counsel or that he then desired counsel. While he states now that a request for counsel was not and is not necessary, it is clear that the whole matter of request or no request is immaterial if a defendant is offered counsel and declines the offer. This defendant was offered full opportunity to stand trial, with counsel, and elected not to do so. There is certainly no such showing here of ignorance, feeble-mindedness or illiteracy as to require the mandatory appointment of counsel (Powell, supra.) The files and records show the contrary. The facts of this case are in many respects like those in State v. Glenn, Mo., 317 S.W. 2d 403, where the motion was summarily disposed of and the judgment affirmed.

■■ The sentence here was well within the maximum permissible. In such event no question of jurisdiction is raised by virtue of the length of the sentence. State v. Moody, Mo., 312 S.W.2d 816. We find that nothing was done here which deprived the defendant of a fundamental right; and we find affirmatively and to our satisfaction, from the motion, the files, and the records that defendant is entitled to no relief. The judgment is affirmed.

All concur.