**STATE of Missouri, Respondent,**

v.

**Ray Eugene WARREN, Appellant.**

No. 48110.

Supreme Court of Missouri,
Division No. 1.
March 13, 1961.

Ray Eugene Warren pro se.

John M. Dalton, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., for respondent.

DALTON, Judge.

This is a proceeding instituted by motion in the Circuit Court of the City of St. Louis by Ray Eugene Warren (hereinafter referred to as defendant) under Supreme Court Rule 27.26, V.A.M.R., to vacate a conviction and sentence in a criminal case. The motion was denied without a hearing and defendant has appealed to this Court.

█ The motion was filed January 21, 1960, in said circuit court in Case No. 1941-C and is entitled, "Motion to Vacate the Sentence and Judgment of the Court." It recites that it is "brought under the provisions of * * * Rule 27.26 Supreme Court of Missouri"; and that it is a motion "in the nature of an application for Writ of Error Coram Nobis." The allegations of the motion and the relief requested, including the prayer that the ten-year sentence of imprisonment be set aside, satisfactorily show that the motion was filed in conformity to Supreme Court Rule 27.26 and we shall so consider it. State v. Childers, Mo.Sup., 328 S.W.2d 43, 44.

The motion alleges that Ray Eugene Warren was defendant in Case No. 1941-C in the Circuit Court of the City of St. Louis; that on the 10th day of February, 1955, the cause was tried by a jury in said court; that defendant was found guilty of the offense of robbery in the first degree with a dangerous and deadly weapon; and that defendant was, thereafter, on June 6, 1955, sentenced to a term of ten years' imprisonment in the State Penitentiary. While the motion does not in terms expressly allege that defendant was imprisoned under said sentence and judgment at the time the motion was filed, an inference to that effect may be drawn from the allegations of the motion. In any event, the defendant was so confined when this cause was submitted in this Court on appeal on January 11, 1961.

The motion contains sixteen numbered paragraphs purporting to state the grounds for defendant's contention that the mentioned judgment of conviction and sentence is illegal and void. It will not be necessary to review these allegations, other than to say that each and every one of these assignments concern alleged errors occurring in the course of the trial, such as the court's rulings on motions and on objections to the admission of testimony and in permitting alleged improper jury argument. Other allegations are that the verdict was against the evidence and contrary to the law and evidence; and that the punishment was grossly excessive and was the result of bias and prejudice of the jury. All are assignments of alleged error in the course of the trial.

While the motion states that defendant's "rights under the Constitution and laws of the state were violated and disregarded, as shown herein and above, as can be verified by the recorded transcript on file in this case"; and that he "was entitled to 'Due process of law'; 'The equal protection of the law,'" and to the privileges and immunities of a citizen of the United States, no facts are stated in the motion which could constitute any basis in law for, or which would sustain, a collateral attack upon the mentioned judgment and sentence. Nor are any facts stated which would support the issuance of a writ of error coram nobis. In State v. Harrison, Mo.Sup., 276 S.W.2d 222, 223, the Court said: "The writ of error coram nobis is a common-law remedy. The writ, or a motion or application for relief of that nature, is recognized in Missouri. The application is made to the trial court to correct errors of fact, *not appearing on the face of the record*, affecting the validity of proceedings which errors of fact were unknown to the party now seeking relief and to the court at the time of the disposition of the particular case, and which errors of fact, had they been known, would have prevented the rendition of the judgment." (Italics ours.)

█ It is apparent that if the allegations in defendant's application are true, the errors, if any, were not unknown to the court.

but appeared on the face of the record, hence the writ mentioned would not lie.

It further appears from the transcript on appeal in this cause that the grounds of alleged illegality of the judgment, as stated in defendant's motion, are but a copy of defendant's motion for a new trial, as filed in the trial court on February 21, 1955, and thereafter taken up, considered and overruled by the court, on May 18, 1955, and prior to the imposition of sentence on June 6, 1955. Many of these assignments of alleged trial errors are insufficient to comply with Supreme Court Rule 27.20, governing motions for new trial in criminal cases or to form a valid basis for an assignment of error on appeal, if defendant had timely appealed from the mentioned judgment and sentence. Defendant in his motion reargues at length these alleged errors occurring in the course of the trial. On the ground of these alleged trial errors in said cause No. 1941-C, the defendant asked the Court to vacate and set aside the mentioned judgment.

The record shows that the trial court overruled the motion without a hearing on January 21, 1960 and defendant was permitted to appeal as a poor person and a free transcript was provided.

■ The overruling of defendant's said motion constituted a final judgment for the purpose of appeal. Supreme Court Rule 27.26. In accordance with the provisions of Supreme Court Rule 27.26 we shall review the record de novo, State v. Warren, Mo.Sup., 321 S.W.2d 705; State v. Kitchin, Mo.Sup., 300 S.W.2d 420.

Rule 27.26 in part provides that: "If the court finds that the judgment was rendered without jurisdiction or that the sentence imposed was illegal *or otherwise subject to collateral attack,* or that there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resen-

tence him or grant a new trial or correct the sentence as may appear appropriate." (Italics ours.) In State v. Kitchin, supra, it was held that, if the court upon a review of the motion, files and records in the cause is satisfied that defendant is entitled to no relief, an order refusing to vacate the judgment and sentence and dismissing motion may be made without a hearing of evidence.

■ In the case now presented it appears that the motion filed in the circuit court was nothing more nor less than a copy of the motion for a new trial which had been filed in the original cause on February 21, 1955, and which had been overruled on May 18, 1955. It is true that the material copied was accompanied by arguments, citations of authority and conclusions of law and fact as to alleged trial errors, but without the statement of any facts which would support a collateral attack upon the mentioned judgment. See State v. Freedman, Mo.Sup., 282 S.W.2d 576, 580(1).

■ It is well settled that a motion under Rule 27.26 may not be used as a substitute for a motion for new trial, nor function as an appeal, as defendant seeks to use it in this case. State v. Hagedorn, Mo. Sup., 305 S.W.2d 700, 702; State v. Cerny, 365 Mo. 732, 286 S.W.2d 804; State v. Smith, Mo.Sup., 324 S.W.2d 707, 711.

■ Where a defendant seeks to proceed under Supreme Court Rule 27.26 to vacate an alleged erroneous and void judgment, the burden rests upon him to plead and prove facts establishing the claimed invalidity. State v. Cerny, supra, 286 S.W. 2d 804, 807; State v. McDonald, Mo., 343 S.W.2d 68. Proceedings under Rule 27.26 constitute a collateral attack upon the judgment, and they must meet all of the requirements of a collateral attack. State v. Kitchin, supra; State v. Cerny, supra. Where the motion states no facts which would support the granting of a motion under Rule 27.26, or fails to show the movant entitled to any relief, the court may sum-

marily dispose of the motion as a matter of law as was done in this case. State v. Jarrett, Mo.Sup., 317 S.W.2d 368, 369; State v. Kitchin, supra.

On the facts stated in the motion, the defendant was entitled to no relief. The judgment is affirmed.

All concur.