STATE of Missouri, Respondent,

v.

Cecil Clayton LILLIBRIDGE, Appellant.

Nos. 51364–51368.

Supreme Court of Missouri,
Division No. 1.

Feb. 14, 1966.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Chester A. Love, Clayton, Paul H. Schramm, Clayton, of counsel, for appellant.

WELBORN, Commissioner.

Cecil Clayton Lillibridge appeals from judgment of the Cole County Circuit Court in five cases wherein that court dismissed, without a hearing, his petition under Supreme Court Rule 27.26, V.A.M.R. to vacate sentences and judgments previously imposed by the circuit court.

The petition alleged that on May 29, 1960, appellant was an inmate in the Missouri State Penitentiary for Men at Jefferson City and had been so since 1953; that, on May 30, 1960, appellant was apprehended and confined in the Cole County Jail and within several days was charged with five criminal offenses: escape, and two charges each of larceny of a motor vehicle and robbery in the first degree.

"3. That within several days of the apprehension of the defendant on May 30, 1960, this defendant waived preliminary hearing as to five charges and was again confined in the Missouri State Penitentiary and was placed in solitary confinement in Section E–3 of a building designated as E Hall.

"4. That this defendant remained in solitary confinement and confined as hereinabove alleged until he was taken to the Cole County Circuit Court on August 15, 1960.

"5. That from the date of this defendant's apprehension on May 30, 1960, up to the date of this defendant's appearance in court on August 15, 1960, and while so confined in solitary confinement, this defendant saw no attorney nor did he talk to any friends or relatives.

"6. That by reason of these facts hereinabove stated, this defendant did not have the time nor the opportunity to consult with any friends or relatives nor with any attorney which is in violation of statutes and rules hereinabove set forth.

"7. That this defendant having been confined in solitary confinement for a pe-

riod of two and a half months prior to his being taken into court which confinement for such period of time has an obvious psychological affect (sic) upon any inmate, this defendant could not and did not intelligently waive his right to have counsel represent him before entering his plea of guilty before this court on August 15, 1960 and that at the time of entering the plea of guilty and advising the court that he did not wish a lawyer to represent him this defendant was under the psychological effects of solitary confinement, the defendant's waiver of his right to counsel was prompted not by any intelligent decision on his part but only by the desire on the part of the defendant to be released from solitary confinement.

"8. The failure of the court to appoint counsel for this defendant resulted in an injustice to the defendant because of the gravity of the offenses with which this defendant was charged, in that this defendant was charged with five separate and distinct criminal offenses and not being an attorney nor learned in the law, did not fully comprehend said charges."

In each case the trial court entered judgment dismissing the petition for the reason that the "Sentence and Judgment refute the petitioner's allegations and such recitals cannot be attacked in this proceeding."

The records of the proceedings in the trial court show that, on June 20, 1960, informations were filed in the Cole County Circuit Court, charging appellant with the five offenses referred to in his petitions. On August 15, 1960, appellant appeared in the Cole County Circuit Court, without counsel. General David Parrish, also charged with escape and jointly with appellant on the two robbery and two motor vehicle larceny charges, also appeared.

The information charging Parrish with escape was first read, whereupon the following colloquy occurred:

"THE COURT: There are several cases here, and so let me say to both of you, that before you are required to say whether you are guilty or not guilty you have the right to consult with some friend, or friends, about the charges against you. And this applies to all the cases against you.

"You also have the right to be represented by a lawyer. If you cannot employ a lawyer, yourself, I will appoint a lawyer for you who will serve you without any pay or charge.

"Do both of you understand that?

"DEFENDANT PARRISH: Yes, sir.

"DEFENDANT LILLIBRIDGE: Yes, sir."

The information in each of the five charges against appellant was read. At the conclusion of the reading of each, the court inquired of appellant whether he understood the nature of the charge, and, in each instance an affirmative reply was given by appellant. After the reading of each information, the court also asked appellant whether he wanted a lawyer and appellant replied in the negative. Appellant further pleaded guilty on each of the five charges.

Following this procedure, the following transpired:

"THE COURT: Now, I want you to listen to me very carefully, because I want no misunderstanding about this, and I want it never to be said, in the future, that we came in here and had a hurried up proceeding and you got a sentence which you didn't dream you would get.

"Each of you has very serious charges against you, and I think they merit serious treatment by this court. For when you get out of one of these institutions and you commit other offenses in this county, and you terrorize our citizens, this court has to do something about it. This court has got to send a message out to that penitentiary that we are not going to tolerate this stuff in this community.

"So, I say to you, again, if you want me to appoint a lawyer and you want to stand trial, I will appoint a lawyer for you, of course. You tell me—or do you want me to go ahead and impose sentence? You tell me, what you say governs. If you want to stand trial and you want a lawyer, you are going to get a lawyer. If you don't, I am going to act and I am not going to give you a slap on the wrist, I promise you that. And I am telling you this so you will know in advance, not saying you came in here and saying you believe you had been treated like little, bad boys.

"DEFENDANT PARRISH: I see no reason to delay, Your Honor.

"THE COURT: What do you say?

"DEFENDANT LILLIBRIDGE: I don't see any reason, either.

"THE COURT: All right, we understand each other, don't we?

"DEFENDANT PARRISH: Yes, sir.

"DEFENDANT LILLIBRIDGE: Yes, sir."

Appellant was then sentenced to five years for escape, five years on each of the motor vehicle larceny charges and twenty-five years on each of the robbery charges.

On this appeal, appellant contends that the trial court erroneously dismissed his petitions without affording him a hearing. He contends that, if he had been permitted to have proved his allegation that he was in solitary confinement for 2½ months immediately prior to his arraignment and waiver of right to counsel, the evidence "would have shown defendant suffering under such a psychological state as a result thereof as to authorize a finding that defendant was not competent to intelligently waive his right to assistance of counsel, * * *."

Well before *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, Missouri recognized the right of a defendant to assistance of counsel in criminal proceed-ings and the obligation of the courts to protect such right. § 18(a), Art. I, Constitution of Missouri, 1945, V.A.M.S.; § 545.820, RSMo 1959, V.A.M.S.

Supreme Court Rule 29.01 provides:

"(a) In every criminal prosecution in any court of this State, the accused shall have the right to appear and defend the same in person and by counsel. * * * If, after being informed as to his rights, the defendant indicates his desire to proceed without the benefit of counsel, and the court finds that he has intelligently waived his right to have counsel, the court shall have no duty to appoint counsel unless it appears to the court that, because of the gravity of the offense charged and other circumstances affecting the defendant, the failure to appoint counsel may result in injustice to the defendant."

■ Although we find no cases in which relief has been granted under Supreme Court Rule 27.26 because of the absence of intelligent waiver of right to counsel, our cases infer that waiver, not intelligently made, of such right would be grounds for setting aside a judgment of conviction. State v. Glenn, Mo.Sup., 317 S.W.2d 403; State v. McDonald, Mo.Sup., 343 S.W.2d 68. Mere conclusionary allegations in a petition for relief under Supreme Court Rule 27.26, setting out no facts which would authorize a finding that defendant was not competent to waive intelligently his right to assistance of counsel, are insufficient to require a hearing on such petition. Likewise, a petition based upon allegations which are refuted by the record may be dismissed without a hearing. State v. Glenn, State v. McDonald, supra.

■ There can be no doubt that the able trial judge conscientiously endeavored to protect the appellant's right to assistance of counsel. The defendant had been confined in the penitentiary since 1953, so he was not, at the time of the 1960 proceedings, entirely unfamiliar with criminal proceedings. The trial court carefully and

repeatedly offered to appoint counsel and his offer was rejected. Before finally imposing sentence, he let the appellant know that he considered the offenses serious and intended to act accordingly and, in effect, offered to permit withdrawal of the guilty pleas in order to permit defendant to consult counsel whom the court offered to appoint. When the appellant again declined the offer, the trial court, by its judgment, found that the appellant "was mentally able and was sufficiently informed to decide his need for counsel."

Appellant here would refute this conclusion by the bare allegation that his 2½ months' period of solitary confinement had produced such "an obvious psychological effect" upon him that his waiver of right to counsel was not an intelligent decision, but was prompted only by the desire of defendant to be released from solitary confinement.

■ In our opinion that allegation, in view of the record of the proceedings at the time of entry of the pleas of guilty and sentencing, coupled with the trial judge's personal knowledge of the facts and circumstances (see People v. Cox, 141 Cal. App.2d 158, 296 P.2d 72, 74 [7]), was insufficient to require a hearing on appellant's 27.26 petition. The record showed that the court fully explained to the appellant his right to counsel and offered to appoint counsel for him. The appellant clearly and positively exercised his choice not to avail himself of such right. The trial court was satisfied that appellant was aware of the consequences of such choice by him. He would invalidate the proceedings on the basis of subjective considerations which entered into his making such choice. Rule 27.26 is not designed to permit a defendant who exercises his own judgment in waiving his right to counsel to nullify the proceedings when the results of such choice are eventually unsatisfactory to him.

■ Whether or not a defendant's waiver is intelligent is primarily a matter for the trial court, who has an opportunity to observe the defendant. When, after the trial court has made full and adequate explanation to the defendant of his rights, the trial court concludes that the defendant understands what he is doing and is aware of the effect of his choice, something beyond the allegation here presented is called for in order to require a hearing on the issue of whether or not the election of the defendant was intelligently made. State v. Glenn, State v. McDonald, supra.

The allegation that appellant saw no attorney and talked to no friends or relatives during the 2½ months that he was in solitary confinement affords no basis for relief in this proceeding. There are no allegations which would make applicable the "twenty hours" statute (§ 544.170, RS Mo 1959, V.A.M.S.) invoked by appellant. The record clearly shows that the trial judge repeatedly afforded appellant an opportunity to consult an attorney or friends before accepting his pleas of guilty so that there is no basis for any charge that § 558.-380, RSMo 1959, V.A.M.S., also invoked by appellant, was violated. There is no allegation that appellant requested an opportunity to consult with either an attorney or friends. Furthermore, the situation is wholly different from that presented in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, relied upon by appellant.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.