**STATE of Missouri, Respondent,**

v.

**Billy George WAGONER, alias Billy George Wagner, Appellant.**

No. 51622.

Supreme Court of Missouri,
Division No. 1.

June 13, 1966.

Norman H. Anderson, Atty. Gen., Louis C. Defeo, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Taken as submitted by appellant.

HIGGINS, Commissioner.

On June 13, 1963, Billy George Wagoner, alias Billy George Wagner, waived his right to counsel and entered a plea of guilty to a charge of burglary and stealing for which he was sentenced to five years' imprisonment for each crime, the sentences to run consecutively. He has since moved under Criminal Rule 27.26, V.A.M.R., to vacate that judgment and sentence and has appealed from the order denying his motion without a hearing.

In his motion appellant contended that his right to counsel under Sections 10 and 18(a), Article I, Constitution of Missouri, V.A.M.S., Amendment XIV, Constitution

of the United States, Sections 545.820 and 544.170, V.A.M.S., Criminal Rule 29.05, V.A.M.R., Gideon v. Wainwright, 372 U.S. 335, 342, 83 S.Ct. 792, 9 L.Ed.2d 799, Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892, and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, was denied him by the trial court because it was not waived intelligently in that he "is, and has been all of his life, a paranoic incompetent, where his mental delusions render him incapable of comprehending the meaning or the signification of intelligently *waving* his rights to Counsel," and "thereby he is *illegaly* and unconstitutionally imprisoned."

It does not appear that relief has been granted on a motion under Rule 27.26, supra, for an absence of intelligent waiver of counsel. It has been inferred, however, that waiver of the right, not intelligently made, would be grounds for setting aside a judgment of conviction, State v. Glenn, Mo., 317 S.W.2d 403, State v. McDonald, Mo., 343 S.W.2d 68; but mere conclusions in the motion setting out no facts which would authorize a finding that defendant was not competent to waive intelligently his right to counsel are not sufficient to require a hearing on the motion, and a hearing would not be required where such conclusions are refuted by the record. State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 807 [7]; State v. Engberg, Mo., 391 S.W.2d 868, 871 [6]; State v. Ninemires, Mo., 306 S.W.2d 527, 530 [8]; State v. McDonald, supra, l. c. 71 [4] of 343 S.W.2d; State v. Glenn, supra, l. c. 408 [4, 5] of 317 S.W.2d. See also State v. Lillibridge, Mo., 399 S.W.2d 25, where hearing was not required on defendant's allegation that solitary confinement for two and a half months prior to his being taken into court had such a psychological effect on him that he could not and did not intelligently waive his right to counsel.

The judgment and sentence attacked by appellant's motion recites: " * * * comes the defendant, in person, * * * but without counsel, and the Court advises the defendant of the nature of the crime charged against him and of the range of punishment for such crime, and the Court gives defendant an opportunity to exercise his right to be represented by counsel and to consult with a friend concerning his case for a reasonable time, and the Court having informed defendant of his right to counsel and explained wherein the exercise of said right might be of benefit to defendant, and having found that defendant was mentally able and was sufficiently informed to decide his need for counsel, and the Court having offered to appoint counsel for defendant to conduct his defense, but defendant having waived such right to counsel, and the defendant then says he cannot deny the charge against him and that he is guilty in the manner and form as charged in the Information, and enters his plea of guilty * * *." The judgment entry shows further that the defendant thereafter was granted allocution at which time he was informed by the court of his guilty plea and was asked if he had any legal cause to show why judgment should not be pronounced and, still failing to show such cause, he was then sentenced.

Appellant does not now state that he was not guilty, or that he was not offered counsel or that he then wanted counsel, but would refute the foregoing record by his factually unsupported allegation that his being a "paranoic incompetent" rendered him incapable of intelligent waiver of his right to counsel. Such allegation, in view of this record, was not sufficient to require a hearing on appellant's motion. The judgment entry shows that the court advised appellant of the nature of the crime, his right to counsel, and the benefits of counsel. It shows also that the court offered to appoint counsel; that appellant declined the offer, waived his right to counsel, and pleaded guilty. Finally, the record shows that the court found specifically that defendant was competent and capable in respect to deciding his need for, and waiver of, counsel; and something more than the conclusion by which appellant

would impeach the judgment entry is necessary in order to demand a second hearing on the previously adjudicated issue of whether appellant's waiver was intelligently made. State v. Lillibridge, supra, 1. c. 29 [6]; State v. Harrison, Mo., 299 S.W.2d 479, 482 [4]. This is to say that appellant has not met his burden to allege facts, as distinguished from a conclusion, which if true would authorize a finding that he was not competent to waive intelligently his right to counsel. State v. Glenn, supra.

Thus, upon the face of the motion and from the "files and records of the case" before the court, a hearing was not required, Rule 27.26, supra; appellant was entitled to no relief, and the judgment is affirmed.

HOUSER, C., concurs.

WELBORN, C., not sitting.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.